Baldwin, J.
I think it clear that by the will in question, the testator intended to confer upon his wife the ownership of his whole estate, real and personal; but not for her exclusive benefit. There is an express declaration of a trust in favour of the children of the marriage, by which they are entitled to distribution of the estate amongst them; a distribution, however, not immediate or unqualified, but subject to a power and discretion on the part of the wife, the effect of which is to limit the trust; and to enable her, at her own election, to enjoy the whole subject during her life for her own benefit. The scheme of the testator’s testamentary dis *11 position evidently was to place his wife in his own stead, so far as regards the enjoyment of the property during her life, and the equal distribution of it amongst their children; confiding to her the like parental discretion which if living it would be his province to exercise, in making advancements to them from time to time suitable to their condition and wants; and in the ultimate allotment to them of their respective portions of the residue of the estate. The discretion is broad, but not unlimited. It authorizes her to sell the property for payment of debts, or more convenient enjoyment, advancement or division; or to keep it for the like purposes in kind: but it gives her no power to bestow it upon strangers, or to dispose of it unequally amongst the children.
The effect of the construction contended for on the part of the children, is to entitle them to immediate distribution of the whole property, so as to deprive the widow of all discretion in regard to the periods for allotment to the children of their respective portions of the estate: and leave her destitute of all provision for her comfort and maintenance. And this, in that view, we must take to have been the testator’s intent; for we cannot suppose that he contemplated her breaking through the dispositions of the will, for the purpose of obtaining the means of subsistence provided for her by law. Thus (upon that construction) while expressing for his wife the utmost love and confidence, devising to her in terms his whole estate in fee simple, and confiding to her the distribution of it amongst their children, we are to hold the testator’s intent to have been to leave her penniless. Such a construction is impossible. It is against the whole spirit of the will, and unwarranted even by its letter. The distribution contemplated by the testator was a distribution not at his own death, but at that of his wife, or earlier at her option; with a perfect discretion in her as to the times, manner, amount and proportions, subject *12 only to the requirement of ultimate completeness and equality in the division.
The construction contended for on the part of the w^ow^ by which she would hold absolutely for her own uge anq benefit the whole estate, real and personal, with the power of disposing of it according to her own mere will and pleasure, so as to leave the testator’s children destitute, and enrich strangers to his blood and affections, I regard as equally unfounded. It is true, by one clause of the will the testator leaves to his wife all his worldly goods, doubtless meaning all his estate, real and personal; but in the same clause the purpose expressed is, “ to sell or beep for distribution amongst our dear children.” This was surely the declaration of a trust in their favour. And though by the next clause the devise to her is of all his estate, real and personal, in fee simple, yet it is accompanied with a request, “ to make an equal distribution amongst our heirs.” The only foundation of the widow’s claim to absolute and unqualified, ownership, is the language of discretion in the first mentioned clause, and of request in the second. But the words of discretion in the first, “ as she may think proper,” have reference to the executing, and not the defeating of the trust; and the words of request in the second, “only requesting her to make an equal distribution amongst our heirs,” serve but to shew that her ownership was limited merely for the purposes of the trust, and that the testator desired the distribution required by the trust should be equal. The second clause is an explanatory repetition of the first, and in no wise does it impair the trust, or enlarge the ownership of the widow to the detriment thereof. The two taken together shew it was the testator’s intention that his wife should succeed him to a qualified ownership of his estate; and that their common offspring should be the joint and equal “ heirs” or distributees of both; with a parental discretion in her to accelerate, in the whole, or in part, the periods of enjoyment by the children respectively.
*13 The doetrine of precatory bequests is not necessary to sustain, though it may serve to strengthen, the foregoing view of the case. Let us suppose, instead of the express declaration of trust in the first mentioned clause, the language of request had been employed therein, as well as in the second. The whole will from the end of the preamble would then have read thus: “In the utmost confidence in my beloved wife, I leave to her all my worldly goods, and request her to sell or keep the same for distribution amongst our dear children as she may think proper. My whole estate real and personal are left in fee simple to her, only requesting her to make an equal distribution amongst our heirs; and desiring her to do for some of my faithful servants whatever she may think will most conduce to their welfare, without regard to the interest of my heirs. Of course, I wish, first of all, that all my debts shall be paid. This is my only will.” How then would the doctrine of precatory bequests have borne upon the construction of the will ?
That doctrine (applicable to cases where there is such a testamentary disposition of property to one as is susceptible of a trust in behalf of others) is founded upon the cardinal rule in the construction of wills, that the testator’s intent, when ascertained, is to be carried out, by whatever words conveyed. Hence it has come to be well settled, in such cases, that in order to effectuate the testator’s intention, words of request, recommendation, or hope, may be treated as imperative ; and shall be so treated where the objects of the precatory language are certain, and the subjects contemplated are also certain ; unless a clear discretion or choice to act or not to act, be given, or the prior dispositions of the property import absolute or uncontrollable beneficial ownership. 2 Story’s Eq. § 1068 to 1070; 2 Rop. on Leg. ch. 21, § 6; Lewin on Trusts, ch. 5, <§, 2, p. 77, 81, 24 Law Libr. ; Jeremy Eq. Jurisd. Book I, ch. 1, <§> 2, p. 99, 102. Exceptions have been taken by some Judges and writers to *14 this treatment of precatory words; while, as thus limited, they recognize the doctrine as established by authority. It seems to me to be well justified by principle.
Where a testamentary benefit contemplated is direct and primary, it is obvious that there is no room for a distinction between the force of peremptory and precatory words. Thus in the devise of an estate, or a tenement, or the bequest of a horse, or a sum of money, the effect is the same whether the testator employs the language of gift, grant or conveyance, or that of request, recommendation or even advice, however awkward or inappropriate any of the latter might in some cases seem. The difficulty arises where there is first a devise or bequest of the property to one, with the addition of words of request, recommendation or hope in behalf of others ; and it consists in the question whether the testator’s intent is decisive in their favour, or merely suggestive or advisory to the first taker. Now, to make that question turn upon the precise intrinsic import of the very words employed, upon the supposition advanced by some, that the testator always understands clearly their true force and meaning, would involve us in verbal criticisms, and chain us down to a literal interpretation; with what success in ascertaining the testator’s intention, common sense, the best and safest guide in such matters, will readily answer.
A testator’s desires in regard to the disposition of his property, to be collected from his will, ought not to be the less obeyed because he has confided the execution of them to another, unless it appears that he designs to subject his own wishes and expectations to the caprice or inclination of the person so entrusted. This idea is quaintly, but comprehensively and forcibly, expressed by Lord Alvanly, Master of the Rolls, in Malim v. Keighley, 2 Ves. jr. 335, where he says: “ Wherever any person gives property, and points out the object, the property and the way it shall go, that does create a trust, *15 unless he shews clearly that his desire expressed is to be controlled by the party, and that he shall have an option to defeat it.” If this were not so, I cannot doubt that the confidence of testators would often be abused, and their testamentary plans defeated. The present case may be tested by the mere question, emphatically and vividly put by the Appellants’ Counsel: If the widow should give away the whole of the estate to strangers, can any one deny that it would defeat the testator’s manifest intention ? The question gives the answer, and that answer is decisive.
In the application of the doctrine of precatory bequests, to this case, it cannot be doubted that the objects are positively certain, to wit, the children of the marriage. But it is urged that the subject is rendered uncertain by the clause in regard to the slaves, by which the testator expresses his desire that his wife shall do for some of his faithful servants whatever she may think will most conduce to their welfare, without regard to the interest of his heirs. Now, this provision, regarded as a trust, is a mere null^q it being altogether uncertain, as well in respect to the individuals, as the nature and extent of the benefit contemplated. Regarded as a power given to the wife, it is not an enlargement of her estate; but a charge upon, and at the same time a recognition of, the trust in favour of the children. It occasions no uncertainty as to the existence of an interest in them, but only as to the value of that interest. The power is limited to a great extent, not only by its terms, but by its very nature; and the unreasonable exercise, or abuse of it, would doubtless be restrained, by judicial authority. The uncertainty to which the authorities refer, goes to the whole subject, and bears upon the question of intention. It arises sometimes out of the vagueness of the benefit contemplated, but most usually out of the unqualified enjoyment, or unbounded discretion given by the previous dispositions of the will, so as *16 to render it altogether uncertain whether any thing will he left for the operation of a trust; and which, therefore, it cannot be presumed the testator intended to create. To this extent, the cases go, and no further.
^he result of the foregoing views of the case is, that the widow is invested with the legal title to the whole of the testator’s estate, real and personal, with the beneficial ownership thereof during her life, but in trust for the children of the marriage, at her death, subject to her powers of sale, distribution and advancement above indicated, and to her optional benefactions in behalf of some of the testator’s faithful slaves by the will authorized.