Mary B. Phillips, as Executrix, etc., Respondent, *v.* Albert C. Phillips et al., as Executors, etc., Appellants.

The holographic will of P., plaintiff's testator, after a gift of all of his estate to plaintiff, his wife, contained this provision: "If she find it always convenient  *  *  *  to give my brother Edwin W. during his life the interest on $10,000 (or $700 per annum), I wish it to be done." Plaintiff was appointed sole executrix; she paid the annuity to the brother for one year, but thereafter no payment was made. In an action for the construction of the will and to determine whether plaintiff was bound to make the payments withheld, it was admitted that her financial situation was such during the years of her refusal that it was entirely convenient for her to have paid the allowance, and she refused, not on that account, but from motives of her own. *Held,* that the provision contemplated, not plaintiff's choice or preference, but her pecuniary condition each year; that the intent of the testator was to charge the annuities upon the gift to his wife, provided, and provided only, that the payment in any year would occasion her no inconvenience ; and that, therefore, the brother was entitled to the annuities withheld.

Words, expressive of a wish or desire in a will, if so definite as to amount and subject-matter as to be capable of execution by the court, may and will if such appears to have been the intention of the testator, create a trust or impose a charge.

(Argued December 19, 1888; decided January 15, 1889.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made July 1, 1887, which affirmed a judgment entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion

*Louis Marshall* for appellant. It was the intention of the testator, in the second clause of his will, to make the payments of the annuities therein specified dependent upon the condition that the plaintiff could make them, and not upon the condition that she might arbitrarily determine that she did not elect to pay. (*Black* v. *Batchelder,* 120 Mass. 172 ; *Newsam* v. *Finch,* 25 Barb. 475 ; *Howe* v. *Woodruff,* 21 Wend. 640.) The second paragraph of the testator's will created an

imperative trust in favor of the defendant, which required the plaintiff to pay him annually, during his life, the interest on $10,000, provided she could make such payments without inconvenience to herself. (*Whipple* v. *Adams*, 1 Metc. 444; *Bliven* v. *Seymour*, 88 N. Y. 469; *Parks* v. *Parks*, 9 Paige, 107; *De Kay* v. *Irving*, 5 Denio, 646; 1 Jarman on Wills, 385; 1 Lewin on Trusts, 130, 131; *Malim* v. *Keighley*, 2 Ves., Jr., 532; 2 White & Tudor's Lead. Eq. Cas. 1833; *Knight* v. *Broughton,* 11 C. & F. 513.) In the present case all the conditions required by the rule adopted exist. The words of the will are addressed to the legatee, who is also the executrix of the will. They are used in favor of certain specified persons, whose identity cannot be mistaken and who are clearly pointed out. They relate to a subject-matter which is also pointed out with sufficient clearness and certainty. They leave nothing in doubt as to the amount to be paid, as to the time of payment or the manner of payment. (*Foley* v. *Perry*, 2 M. & K. 108; *Cary* v. *Cary*, 2 S. & L. 173; *Prevost* v. *Clark*, 2 Mad. 458; *Smith* v. *Smith*, 2 Jur. [N. S.] 961; *Liddard* v. *Liddard*, 28 Beav. 266; *Meredith* v. *Heneage*, 1 Sim. 553, 555; *Taylor* v. *George*, 2 V. & B. 378; *Baby* v. *Miller*, 1 E. & A. [Ont.] 218; *Farlin* v. *Ball*, 3 Mer. 437; *Warner* v. *Bates*, 98 Mass. 277; *Knox* v. *Knox*, 59 Wis. 422; 4 Am. Prob. 46; *Van Dyke* v. *Van Buren*, 1 Caines, 83; *Dominick* v. *Sayres*, 3 Sandf. 55; *Lawrence* v. *Cook*, 32 Hun, 126; *Willetts* v. *Willetts*, 103 N. Y. 650; *La Merchant* v. *La Merchant*, L. R., 18 Eq. Cas. 414; *Kernick* v. *Tucker*, L. R., 17 id. 37; *Handly* v. *Wrightson*, 60 Md. 198; *Eddy* v. *Hartshorn*, 34 N. J. Eq. 419; *Irving* v. *Sullivan*, 38 L. J. 635, 638; *Burt* v. *Herron*, 66 Penn. St. 400; *Bull* v. *Bull*, 8 Conn. 47; *Erickson* v. *Willard*, 1 N. H. 217; 1 Perry on Trusts, § 112; 1 Jarman on Wills [5th ed.] 385–391; *Van Aimel* v. *Jackson*, 35 Vt. 173; *Brasher* v. *Marsh*, 15 Ohio St. 103; *Phœbe* v. *Quillan*, 23 Ark. 490; *Harrison* v. *Harrison*, 2 Gratt. 1; *Anderson* v. *Hammond*, 2 Lea. 281; *Bohan* v. *Barrett*, 79 Ky. 378; 11 Rep. 839.) The words "wish and desire," "wish

and request," "it is my wish," "having confidence," have been construed sufficient to create a trust. (*Cockrell* v. *Armstrong*, 31 Ark. 280; *Cook* v. *Ellington* 6 Jones' Eq. 371; *Bronson* v. *Hunter*, 2 Hill's Ch. 490; *McRae* v. *Means*, 34 Ala. 349; *Dresser* v. *Dresser*, 46 Me. 48; *Reid* v. *Blackstone*, 14 Gratt. 363; *Foose* v. *Whitmore*, 82 N. Y. 405; 1 Jarman on Wills [5th ed.] 386; *Clarke* v. *Leupp*, 88 N. Y. 228; *Campbell* v. *Beaumont*, 91 id. 464; *Parsons* v. *Best*, 1 T. & C. 211; *Field* v. *Mayor, etc.*, 38 Hun, 590; 2 Pomeroy's Eq. Jurisp. § 1016; *Van Horn* v. *Campbell*, 100 N. Y. 288; *Freeman* v. *Coit*, 96 id. 63; *Taggart* v. *Murray*, 53 id. 233, 236.) It is not necessary for the appellants to rely upon the doctrine of precatory trusts for the purpose of enforcing the provision of this will, made for their testator's benefit, since it creates a bequest in his favor, the enjoyment of which by him is made dependent upon the single condition that the payment of the annuity provided for would not inconvenience the plaintiff, and whereby a charge is created upon the estate derived by the plaintiff under the will. (*Lawrence* v. *Cook*, 104 N. Y. 632, 639; *Hinxman* v. *Poynder*, 5 Sim. 456.)

*A. L. Johnson* for respondent. In order to create a trust, precatory words used in a will must, when taken with other provisions of the will, be such as impose an obligation upon and control the donee, and not leave it to his or her discretion, but must amount to a direction or command. (1 Perry on Trusts, 120, §§ 114, 115; 2 Pomeroy on Eq. Jur. 581, §§ 1014, 1016; 2 Story's Eq. Juris. 453, 454, 555, §§ 1069, 1070; *Webb* v. *Wools*, 2 Sim. [N. S.] 267; Redfield on Law of Wills, 417; *Gridley* v. *Crego*, 24 Beav. 185; *Burnard* v. *Minshull*, Johns. Eng. Ch. 287; *Williams* v. *Williams*, 1 Simons [N. S.] 358; *Foos* v. *Whitman*, 82 N. Y. 405, 406, 407; *Lawrence* v. *Cook*, 32 Hun, 126, 128, 129; 104 N. Y. 632; *Freeman* v. *Coit*, 96 id. 63; *Willetts* v. *Willetts*, 35 Hun, 401, 405; *Ellis* v. *Ellis*, 50 Am. Dec. 132; Tiffany & Bullard on Trusts, 225, 228; *Hawart* v. *Dewell*, 6 Jurist [N. S.] 1360; *In re Hutchinson*, L. R., 8 Ch. Div. 54.) Where the right

of absolute disposition of the whole estate is vested in the first taker, no trust can exist, no matter how strong the precatory words may be. (1 Perry on Trusts, 122, 123, 124, §§ 115, 116; *Webb* v. *Wools*, 2 Simons [N. S.] 267; *Van Duyn* v. *Van Duyn*, 1 McCarter, 397; 2 Pomeroy's Eq. Juris. 578, 579, 580, 581, 582; §§ 1014, 1015, 1016; Tiffany & Bullard on Trusts, 225, 226; 2 Redfield on Wills, 425; 2 Story's Eq. Juris. 455, §§ 1070, 1073; 1 Jarman on Wills, 685–707; *Bardswell* v. *Bardswell*, 9 Simons, 319; *Knott* v. *Cottee*, 2 Phill. Ch. 192; *Second, etc., Church* v. *Desbrow*, 52 Penn. St. 219; *Field* v. *Mayor, etc.*, 38 Hun, 590; *Kelly* v. *Kelly*, 61 N. Y. 47; *Willetts* v. *Willetts*, 35 Hun, 401; *Freeman* v. *Coit*, 96 N. Y. 63; *Roseboom* v. *Roseboom*, 81 id. 356; *Thornhill* v. *Hall*, 2 C. & F. 22; *Van Horn* v. *Campbell*, 100 N. Y. 464; 3 N. E. Rep. 330; *Parsons* v. *Best*, 1 T. & C. 211; *Gilbert* v. *Chapin*, 19 Conn. 342; *Pennock's Estate*, 20 Penn. St. 268; *Ellis* v. *Ellis*, 50 Am. Dec. 132; *Hoy* v. *Master*, 6 Simons, 568; *Pope* v. *Pope*, 10 id. 1; *Curtis* v. *Rippon*, 5 Madd. 434; *Kanter* v. *Jenks*, 43 Penn. St. 445; *Spooner* v. *Lovejoy*, 108 Mass. 529; *Brooks* v. *Brooks*, 3 S. & G. 280; *Howarth* v. *Dewell*, 29 Beav. 18; *Lewis* v. *Dardan*, 5 Fla. 51; *Knight* v. *Knight*, 3 Beav. 148; *Meredith* v. *Heneage*, 1 Simons, 556; *Tibbits* v. *Tibbits*, 19 Ves. 656; *Mowry* v. *Bishop of Durham*, 10 id. 556.) If there is, in fact, any trust intended, it can only attach to a possible surplus, which may or may not exist at the convenience of the plaintiff. (2 Story Eq. Juris. 459, § 1073.) Where the performance of a wish expressed by the testator is made to depend upon a contingency which may or may not happen, the uncertainty of its occurrence is fatal to the trust. (1 Perry on Trusts, 121, 122, §§ 115, 116, 123; 2 Pomeroy Eq. Juris., 572, §§ 1009, 580, 581, 582, 583; *Mowry* v. *Bishop of Durham*, 10 Ves. 536; 3 R. S. [7th ed.] 2205, §1; *Jackson* v. *Babcock*, 12 Johns. 389; *Jackson* v. *Merrill*, 6 id. 185; *Jackson* v. *Russell*, 13 id. 535; *Dow* v. *Howland*, 8 Cow. 277; *Penfield* v. *Clark*, 62 Barb. 590; *Bronson* v. *Hunter*, 2 Hill Ch. 490; *Knott* v. *Cottee*, 2 Phill. Ch. 192.)

Opinion of the Court, per FINCH, J.

FINCH, J. The will to be construed was written by the testator himself, and while extremely brief and simple, presents a problem not altogether easy of solution.

Its terms give to the testator's wife the whole of his property, real and personal, name her as executrix, and then proceed as follows: " If she find it always convenient to pay my sister Caroline Buck the sum of three hundred dollars a year, and also to give my brother, Edwin W., during his life the interest on ten thousand dollars (or seven hundred dollars per year), I wish it to be done." The widow has paid the annuity to the sister regularly, but that to the brother for a single year only. During the years succeeding, no payment was made, and this action is brought by the executrix for a construction of the will and to determine whether she is bound to make the payments withheld. It is admitted by formal stipulation that the contingency described in the will has in fact happened during the three years after 1883, and that the financial situation of the widow during the years of her refusal was such that it was entirely convenient for her to have paid the disputed allowance, and that she refused payment not on that account, but from motives of her own with which she claims the courts have no concern, and about which they are not at liberty to inquire. The General Term has sustained her contention upon an opinion of the trial judge, very patiently and carefully prepared, and from which we depart only upon convictions that we are unable to resist.

The real intention of the testator was one of two things. He meant to make the annuities to his brother and sister dependent upon the existence of a specific fact, or upon the choice and will of his devisee. If they rest upon the former they become a gift from him; if upon the latter, they have no existence outside of the choice of the widow. The substantial argument in her behalf is, that a devise and bequest of the whole property, sufficient in its terms to carry the absolute ownership, will not be cut down by a later provision, unless that is clear and definite and manifests such purpose and

intention; that the words, "I wish it to be done" are not a direction or command, but the mere expression of a desire intended to influence, though not to control, the action of the wife in dealing with what is absolutely hers. The whole strength of this argument lies in the use of the word "wish" by the testator. It is claimed to be not sufficiently imperative or unequivocal to master the discretion involved in the absolute ownership previously given, and to rise only to the level of a request or suggestion. But the word "wish" used by a testator is often equivalent to a command. If in this will he had said, I wish all my property to go to my wife, and naming her as executrix, had ended his will, neither she nor we would have questioned that the devise was effectual. We gave that force to the word in a case involving other circumstances which left little room for doubt. (*Bliven* v. *Seymour*, 88 N. Y. 469.) It is true that in both the supposed and the decided case no other meaning could be given to the word "wish" than that of "will" or "direct," while here the narrower and less imperative interpretation is possible; but that fact only makes more difficult the duty of determining in which sense the word was employed in the will before us, and of ascertaining the purpose and intent of the testator. He left no children. His duty, as it is evident he understood it, was first and primarily to his wife, and next to his sister and brother. He left an estate worth $100,000, and knew that his wife possessed in her own right $40,000 more. The primary duty to his wife he met by giving to her all his property; the duty to those of his own blood he performed either by a bequest of the annuities to them charged upon the gift to his wife so long as that charge should prove no inconvenience to her, or by leaving those annuities wholly to her discretion, himself merely seeking to influence but not to control her choice. And so we are to ascertain, if we can, which is the truth, or that there is such doubt as to make the general devise conclusive.

One suggestion made on behalf of the appellants is, that the framing of the condition or contingency shows that the

provision for the brother and sister was not meant to be
dependent upon the absolute and uncontrolled choice of the
wife. If that had been testator's purpose, the condition
interposed was both needless and misleading. Without it she
would be left to give the allowance or not as she pleased, and
could suffer no inconvenience at the hands of the testator.
But with it the inference is that the contingency provided for
was the only one intended to excuse payment. That contin-
gency was an actual fact to happen or not to happen along the
line of the future, and independent of the mere volition or choice
of the general devisee. "If she find it always convenient"
are the words. "If she *find* it;" that is, if experience shows
it; if the facts at the time of payment prove to be such; if
her financial condition as it shall then exist enables her to pay
easily. The expression contemplates, not her choice or
preference, but her pecuniary situation after the experience
or management of one or more years, and it indicates
his purpose to have been to charge the annuities upon the
sweeping gift to his wife, provided, and provided only, that
in her experience of the future it should turn out that the
payment of those charges would occasion her no inconvenience-
"If she find it *always* convenient;" that is on each occa-
sion, at the date of every payment. The use of the word
"always" implies a conviction in the testator's thought,
which would quite naturally exist, that in view of the
large estate he had given his wife, and her own ample for
tune, it would usually and ordinarily, when the time of
payment came, prove to be easy and convenient for her to
spare the money for that purpose, but that such a state of
facts might not *always* and upon every occasion exist; that
in her management of the property there might come mis-
fortune, reducing or destroying income, or some exceptional
increase of expenses due to an under-estimate of incurred
expenditure; and if that happened at any one or more of the
times of payment, he desired that not she, but his sister and
brother should bear the consequent inconvenience. In these
words of the testator his purpose and intention, I think, is

sufficiently disclosed.   He did *not* mean to make the payment of the annuities dependent upon the mere choice or will of his wife, but upon her ability to pay them without inconvenience to herself.   Given that ability, he says: " I wish it to be done."   The words are not, I wish her to do it, or I hope she will feel it to be her duty, or I trust she will see the propriety of such payment to be made, but I, the testator, dealing with my own bounty to her, " I wish it to be done ; " it is my wish, not hers, that I put behind the annuities.   It is observable, also, that in the gift to his wife he does not add words that could seem inconsistent with a subsequent charge upon it, as, for her own use and benefit, or to her and her heirs forever, but leaves the path to a trust or a charge unobstructed so far as possible.

It is perfectly well settled that what are denominated precatory words, expressive of a wish or desire, may, in given instances, create a trust or impose a charge.   Without a detailed consideration of the cases, it is quite clear, that, as a general rule, they turn upon one important and vital inquiry, and that is, whether the alleged bequest is so definite as to amount and subject-matter as to be capable of execution by the court, or whether it so depends upon the discretion of the general devisee as to be incapable of execution without superseding that discretion.   In the latter case there can neither be a trust or a charge, while in the former there may be, and will be, if such appears to have been the testamentary intention.   The distinction is clearly drawn, and was acted upon in *Lawrence* v. *Cooke* (104 N. Y. 632).   The word there used was " enjoin," in itself a more imperative word than " wish," and yet a trust or charge was denied, because by the terms of the command the payment to the granddaughter was placed wholly within the discretion of the residuary devisee, and could not be touched by the court without its utter destruction.   The provision to be made was at such times, in such manner, and in such amounts as the devisee should judge to be expedient, and controlled only by what her own sense of justice and Christian duty should dictate.   It was added, that

if she had been enjoined to make *suitable* provision out of the residuary estate, a charge would have been created, for what would be " suitable " could be determined as a fact, and would be independent and outside of the mere choice or whim of the devisee. If the word had been " wish " instead of " enjoin," the result could not have been different upon either branch of the conclusion. The doctrine is clearly and strongly stated in *Warner* v. *Bates* (98 Mass. 277), and had an early illustration in *Malim* v. *Keighley* (2 Vesey, Ch. 532). I have examined the cases in our own court prior to *Lawrence* v. *Cooke,* and have found in none of them a departure from the doctrine there asserted, or a judgment in hostility to it. The primary question in every case is the intention of the testator, and whether in the use of precatory words he meant merely to advise or influence the discretion of the devisee, or himself to control or direct the disposition intended. In such a case we must look at the whole will, so far as it bears upon the inquiry, and the use of the words " I wish " or " I desire " is by no means conclusive. They serve to raise the question, but not necessarily to decide it. We are convinced that in the present case the testator meant to charge upon the gift to the wife the annuities to his sister and brother, provided, only, that their payment should not occasion her inconvenience. The legacy to the brother should be computed at $700 per year.

The judgment should be reversed, and judgment rendered for the defendant, construing the will in accordance with this opinion, with costs.

All concur, except RUGER, Ch. J., not sitting.

Judgment accordingly.