GEORGE S. CLAY et al., Appellants, *v.* LUCRETIA M. WOOD et al., Respondents.

1. WILL — QUALIFICATION OF ABSOLUTE GIFT. Where there is an absolute gift of real or personal property, in order to qualify it, or cut it down, the latter part of the will should show an equally clear intention to do so, by the use of words definite in their meaning, and by expressions which must be regarded as imperative.

2. PRECATORY WORDS — IMPOSITION OF A TRUST. Whether precatory words in a will shall be accorded such force as to deprive the donee of the absolute right of disposal and, thereby, qualify the beneficial interest in the gift, must be determined in connection with what may be gathered from the rest of the will as an intention reconcilable with the idea of a trust imposed upon the legal estate. Where to impose such a trust would nullify previous expressions in the will and create a repugnancy between its different parts, the rules of construction forbid the attempt.

3. WILL CONSTRUED. A will gave to the testator's wife certain real and personal property to have and to hold " unto her and to her heirs, executors, administrators and assigns forever," with legacies to others which were declared not to be a charge upon the property given to the wife, and then gave all the residue of the estate to the wife and " to her heirs, executors, administrators and assigns forever," followed by these words : " And it is my desire and request that my said wife do sustain, provide for and educate L., the daughter of my said adopted daughter J. And it is my further desire and request that my wife do make the said L., J. and my nephews and nieces, the children of my brothers C. and G., joint heirs after her death in the said estate which by this will I have

bequeathed to my said wife." *Held*, that the testator intended an absolute gift to his wife of his real and personal property, except the legacies to others, with an absolute right of disposal; that such gift was not qualified by the subsequent precatory clause; and that, hence, no trust or power in trust, in favor of the persons mentioned in that clause, was created thereby.

*Clay* v. *Wood*, 91 Hun, 398, affirmed.

(Argued May 7, 1897; decided June 8, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the first judicial department, entered December 23, 1895, which affirmed a judgment of Special Term dismissing the complaint.

This action was brought for the partition of real property and it involves the construction of the will of William W. Clay, deceased. By that will the testator, after directing the payment of his debts and funeral expenses, and particularly an indebtedness secured by mortgage upon his house and lot, in the second clause gave to his wife Lucretia, " and to her heirs and assigns forever," the house and lot mentioned and, also, his household goods and personal effects in said house, ".to have and to hold the said house and lot to her my said wife Lucretia M. Clay and to her heirs and assigns forever and to have and to hold the said household goods, etc., unto her, my said wife, Lucretia M. Clay, and to her heirs, executors, administrators and assigns forever." He also gave to her the sum of $20,000. In the third and fourth clauses he gave legacies to his brothers, to a sister, to nephews and to an adopted daughter; providing at the same time, that none of those legacies should be a charge upon the house and lot and household goods, etc., which he had given to his wife. By the fifth clause, he gave all the residue of his estate to his wife and " to her heirs, executors, administrators and assigns forever," and then stated as follows: " And it is my desire and request that my said wife do sustain, provide for and educate Lucretia M. Wood, the daughter of my said adopted daughter Josephine M. Wood. And it is my further desire and request that my wife do make the said Lucretia M. Wood, Josephine M. Wood and my nephews and nieces, the children of my

brothers Caleb S. Clay and George Clay, joint heirs after her death in the said estate which by this will I have bequeathed to my said wife."

The question in this case arises upon the effect to be given to that concluding sentence of the fifth paragraph. The plaintiffs, who are the nephews and nieces referred to therein, claim in their complaint that a trust was thereby created in favor of the persons named and that Lucretia M. Clay, the widow of the testator, having died, those persons had become tenants in common of the property, or entitled thereto under the trust alleged. It appears that Mrs. Clay died, leaving a will, whereby she gave the property equally to Josephine M. Wood and Lucretia M. Wood.

At Special Term the complaint was dismissed on the merits. Upon appeal by the plaintiffs, the judgment of dismissal was affirmed at the General Term and the plaintiffs have further appealed to this court from the judgment of affirmance.

*John F. Dillon, Rush Taggart* and *Harry Hubbard* for appellants. Lucretia M. Clay took the ownership of the personal property and the legal fee in the real estate, subject as to both classes of property, to a power in trust or a trust in favor of the enumerated persons and classes of persons specified in the last clause of paragraph 5 of the will. (*Dominick* v. *Sayre*, 3 Sandf. 560 ; *Colton* v. *Colton*, 10 Sawy. 325 ; 127 U. S. 300 ; *Taggart* v. *Murray*, 53 N. Y. 233 ; *Freeman* v. *Coit*, 96 N. Y. 63 ; *Phillips* v. *Phillips*, 112 N. Y. 197 ; *Warner* v. *Bates*, 98 Mass. 274 ; *Briggs* v. *Penny*, 3 M. & G. 546 ; *Lambe* v. *Eames*, L. R. [6 Ch. Div.] 597 ; *In re Hutchinson*, L. R. [8 Ch. Div.] 540 ; *In re Adams*, L. R. [27 Ch. Div.] 394 ; *Riker* v. *Leo*, 115 N. Y. 93.) Under the statutes of this state the 5th paragraph of the will created a power in trust for the benefit of the persons and classes of persons named therein. (*Dominick* v. *Sayre*, 3 Sandf. 555 ; *Smith* v. *Floyd*, 140 N. Y. 337 ; R. S. [8th ed.] 2445, §§ 74, 78, 79, 94–96, 100, 106 ; *Delaney* v. *McCormack*, 88 N. Y. 174 ; Hill on Trustees, 86 ; 1 Washburn on Real Prop. [5th ed.] 88 ; Sugden on Powers, 588 ;

*Brierley* v. *Brierley*, 12 Reporter, 151.) The answer in this case raises no issue upon any material facts. The court should, therefore, not only reverse the judgment, but enter the judgment which the court below should have entered, granting to the appellants the relief prayed for without causing the delay of sending the case back for a new trial. (*Conroy* v. *Campbell*, 13 J. & S. 326; *Baker* v. *Lever*, 5 Hun, 114; 67 N. Y. 304; *Hannay* v. *Pell*, 3 E. D. Smith, 432; *Griffin* v. *Marquardt*, 17 N. Y. 28; *Edmonston* v. *McLoud*, 16 N. Y. 543.) The rule of construction that wherever the will begins with an absolute gift, in order to cut it down, the latter part of the will must show as clear an intention to cut down the absolute gift as the prior part does to make it, has no application to the present case, or, if applied, the power in trust is valid within the rule. (*Byrnes* v. *Stilwell*, 103 N. Y. 453; *Thornhill* v. *Hall*, 2 Cl. & Fin. 22; *Stevenson* v. *Lesley*, 70 N. Y. 512; *Tucker* v. *Bishop*, 16 N. Y. 402; *Teed* v. *Morton*, 60 N. Y. 506; *Johnson* v. *Valentine*, 4 Sandf. 37; 3 Washburn on Real Prop. 511; *Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125.)

*James L. Bishop* for respondents. The testator's intention as expressed in the will was to give his wife the full beneficial interest and right of disposal of the property left to her. No precatory trust can, therefore, arise in favor of the plaintiffs. (*Cowman* v. *Harrison*, 17 L. & E. R. 290; *Howarth* v. *Dewell*, 6 Jur. [N. S.] 1360; *Kelly* v. *Kelly*, 61 N. Y. 47; *Matter of Gardner*, 140 N. Y. 122; *Roseboom* v. *Roseboom*, 81 N. Y. 356; *Williams* v. *Williams*, 49 Md. 572; *Bland* v. *Bland*, 2 Cox's Ch. 349; *Wynne* v. *Hawkins*, 1 Bro. Ch. 179; *Pathman* v. *Filliter*, 3 Ves. 7; Perry on Trusts, §§ 115, 116; *Jackson* v. *Bull*, 10 Johns. 19; *Van Horne* v. *Campbell*, 100 N. Y. 287.) The controlling rule of construction is, that wherever the will begins with an absolute gift, in order to cut it down the latter part of the will must show as clear an intention to cut down the absolute gift as the prior part does to make it. (*Matter of Gardner*, 140 N. Y. 123; *Clarke* v. *Leupp*, 88 N. Y. 228; *Byrnes* v. *Stilwell*, 103 N. Y. 453,

18

460; *Campbell* v. *Beaumont,* 91 N. Y. 464; *Roseboom* v. *Roseboom,* 81 N. Y. 356; *Oothout* v. *Rogers,* 59 Hun, 97; *Lambe* v. *Eames,* L. R. [10 Eq.] 267; 1 Jarman on Wills [5th Am. ed.], 680–694; *Hopkins* v. *Glunt,* 111 Penn. St. 287; *In re Diggles,* L. R. [39 Ch. Div.] 253; *In re Hamilton,* L. R. [2 Ch. Div. 1895] 370.)

GRAY, J. Upon reading this will we can infer some conflict in the mind of the testator with respect to the ultimate disposition which he should make of his property. It was as to how he might benefit the persons named in the fifth clause, after his widow's death. He could have created, in terms, a life estate in his wife, with a remainder over in their favor, in which case there would be a certainty with respect to their interest; or he could have created a power of appointment in their favor with a like certainty; or he could take the course which he did, namely, of desiring that his wife should make them "her heirs." The mental conflict was not serious respecting the superior claims of his wife, as we seem clearly to see from the careful and elaborate provisions of his will; but it appears when we read his expressions of desire and of request, addressed to his wife respecting a disposition of the estate which he had given to her, and which she might well have heeded. What was the dominant intention of Mr. Clay in making his will as he did? To discover that we must take into consideration the whole scheme of the will and weigh the expressions which he has made use of, when defining the interest of his wife. Whether the will in question was drawn with the aid of a lawyer, or by a lay hand, we are not informed. The language is somewhat inartificial and, yet, it is so plain and emphatic as to leave little room for doubt in the mind, as to what was the principal purpose of the testator. His general scheme was to give everything to his wife upon his death, except the legacies which he gave by the third and fourth clauses. That was the simple plan which he, evidently, had in mind and the question is whether the disposition which he made, resulted in vesting in her the full beneficial inter-

est in, and an absolute right of disposal of, the property;
or whether, as the appellants claim, a trust was created
with respect to that property, or a power of trust impera-
tive in its nature.    It is very earnestly and ably argued
in behalf of the appellants that, by force of the last clause
in the fifth paragraph of the will, while the widow took a
legal estate in fee, it was subject, as to the real and personal
property, to a trust, or to a power in trust, in favor of the per-
sons and the classes of persons named therein, and they base
the argument upon the proposition, substantially, that the pro-
vision is couched in such precatory words as to fulfill all the
conditions named by the authorities as requisite to create a
trust; in that the words used exclude any option or discretion
in the wife and the subject of the request and the objects of
the bounty are definitely pointed out.    They argue, too, that
the relations sustained by the persons named to the testator
are such, and are shown by other parts of the will to be such,
as to indicate a strong interest on his part to make the gift.
If, however, the conclusion must be reached that the testator
intended an absolute gift to his wife of his real and personal
property, carrying with it an absolute right of disposal, then
it will become unnecessary for us to consider questions of trust or
of power in trust; for the existence of an absolute and beneficial
estate in fee in the widow would be equally destructive of the
claim of a trust, or of the claim of an imperative trust power.

The testator, it must be admitted, was very emphatic in
the use of language, when defining the nature of the hold-
ing by his wife of the estate devised and bequeathed.    When
he gave to her the house and lot where he resided, he added
the words, "and to her heirs and assigns forever."    In the
same paragraph, where he had so given her the house and lot
and, also, all of his household goods and effects, he repeats
that she was "to have and to hold the said house and lot to
her  *  *  *  and to her heirs and assigns forever;" and he
states with reference to the personal effects that she was to
have and to hold them "unto her  *  *  *  and to her heirs,
executors, administrators and assigns forever."    This repeti-

tion of language, indicating completeness and perpetuity of
ownership, arrests the attention. It will be observed, too,
that there was discrimination in the employment of language
defining her holding, in the use of words which would be
appropriate in speaking of the succession to either class of
property. He had been particular, in the first clause, to direct
that, in the payment of his debts, the mortgage upon the
house and lot should be discharged, and he was equally par-
ticular, in the promotion of the interests of his wife, in direct-
ing, in the fourth clause, that the legacies given should not be
a charge upon either the house and lot, or the personal effects
mentioned. When he disposes of his residuary estate, in the
fifth clause, he is again emphatic in defining the estate which
his wife shall take therein, by giving it to her " and to her
heirs, executors, administrators and assigns forever." Again,
in expressing his desire and request as to the disposition to be
made by his wife, in that clause, he refers to " the said estate
which by this will I have bequeathed to my said wife." It is
hardly conceivable that the intention of a testator that his
wife should have the absolute title to, and the completest right
of disposal of the estate given, could be stated in more forci-
ble language. The words which have been sometimes used,
and which the counsel for the appellants think would be more
appropriate to express the intention to make an absolute gift
to the wife, such as " with full power of disposal," or " for her
sole use and benefit," would not be any stronger and, indeed,
would seem to be more appropriately used when providing
for the case of a married woman and to protect her against
her husband's acts. Where there is an absolute gift of real or
personal property, in order to qualify it, or to cut it down, the
latter part of the will should show an equally clear intention
to do so, by the use of words definite in their meaning,
and by expressions which must be regarded as imperative.
That is a general rule and can it be said of the concluding
clause of this fifth paragraph that it stands the test? We
cannot think so. It undoubtedly contains the desire and
request of the testator that his wife should make the persons

named her " joint heirs " after death ; but in view of the very emphatic and precise language, which he had seen fit to employ in defining the estate which his wife should take in his property, it would be going too far in the effort to give effect to the testator's desire to hold that it dominated his previous expressions of intention and affected their legal force and significance.

In *Phillips* v. *Phillips* (112 N. Y. 197), a case upon which much reliance is placed by the appellants, Judge FINCH observed of the testator's will, in the course of his opinion, " that in the gift to his wife he does not add words that could seem inconsistent with a subsequent charge upon it, as for her own use and benefit, or to her and her heirs forever, but leaves the path to a trust or a charge unobstructed so far as possible." That case differed from the present one, in that the testator " wished " his wife, who was his executrix, " if she finds it always convenient," to pay to his sister and brother during their lives the interest on $10,000. In that case there was no cutting down of his wife's fee to a life estate ; but, it being seen that a gift was made, dependent only upon the fact of ability to do so, a precatory trust was deemed to have been created with respect to the annuities. The very words of distinction pointed out by Judge FINCH are present here. In the *Matter of Gardner* (140 N. Y. 122), the testator gave the residue of his estate to his wife, to have and to hold the same to her and her assigns forever ; providing that what should remain unexpended, or undisposed of at her death, he gave to his son and his heirs. The testator added this clause : " And I expect and desire that my said wife will not dispose of my said estate by will in such a way that the whole that might remain at her death shall go out of my own family and blood relation." It was held that " the estate of the wife was not qualified by the precatory words mentioned " and that they were " merely the expression of an expectation or desire." The construction of a trust was refused by us ; upon the ground that the words of the will in the first instance clearly indicated a disposition in the testator to give the entire inter-

est, use and benefit to the donee.   In *In re Hamilton* (L. R. [2 Chanc. Div. 1895] 370), which is relied upon in the prevailing opinion at the General Term, the following language is used: "I give, bequeath and appoint to my dear nieces   *   *   * the sum of £2,000 apiece for their sole and separate use and to be independent of their husbands, and I wish them to bequeath the same equally between the families of my nephew Silver Oliver and my dear niece Mrs. Packenham in such mode as they shall consider right." It was held that the nieces took absolutely and a construction of the words was refused, which should imply that the ladies took for life only, instead of absolutely.

We are referred to many cases on the one side and on the other; but precedents in will cases are not very satisfactory aids in reaching a conclusion in the work of interpretation; for each will will differ in its scheme, as in its forms of expression. At most, they furnish illustrations of the application of those general rules of construction, which have been laid down in the decisions of the courts. Whether the precatory words in a will shall be accorded such force as to deprive the donee of the absolute right of disposal and, thereby, qualify the beneficial interest in the gift, must be determined in connection with what may be gathered from the rest of the will as an intention which would be reconcilable with the idea of a trust imposed upon the legal estate. Where to impose such a trust would be to nullify previous expressions in the will and to create a repugnancy between its different parts, then the rules of construction forbid the attempt, and this is not disputed by the appellants' counsel. Their contention in that respect is, that that principle of construction has no application to the present case; because of the absence of words showing that the wife was to have the whole beneficial interest. Thus we see that the pivotal point of construction is as to the significance of the expressions used by the testator, when giving his estate to his wife, and the inferences to be drawn therefrom. In our view, they are unmistakable and create an atmosphere about the instrument

of an entire subjection of the claims of others upon his bounty to the paramount claim of his wife and to her ultimate testamentary disposition.

In the present case we can only read the language, in which the testator expresses his desire and request, in the light of the emphatic language previously used in the will and, as so read, award to it the force of a suggestion and of an expectation, which, however strongly phrased, were only morally binding upon the widow. Within the case of *Colton* v. *Colton*, (127 U. S. 300), where the testator gave to his wife all of the real and personal estate of which he should die seized, possessed or entitled to, with a recommendation to her as to the care and protection of his mother and sister, and with a request to her to make such gift and provision for them as in her judgment would be best, the present case might be said to be within the exception there recognized. It was there held that the language of the bequest was sufficient to convey to the testator's wife the whole estate absolutely, if it stood alone; but that, nevertheless, as it did not stand alone and did not " contain any expressions which necessarily anticipate or limit any subsequent provisions affecting it," the bequest was affected by the request. Precisely that did occur in the will under consideration, as we view it, and the language of the devise and bequest to the wife did contain such expressions as to anticipate and limit the possible effect of the subsequent provision. The cases of *Dominick* v. *Sayre*, (3 Sand. 555), and *Smith* v. *Floyd*, (140 N. Y. 337), related to devises for life; with a power, in the one case, and with a " right and privilege," in the other case, of disposal by will in favor of certain persons and we do not perceive how they affect the conclusions we have reached.

We have sufficiently expressed our views upon the questions presented by this appeal and they lead to an affirmance of the judgment.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.