### STREET v. GORDON.

(Supreme Court, Appellate Division, Second Department. June 20, 1899.)

1. WILLS—FEE—PRECATORY TRUST.
    A testator devised all the residue of his estate, real and personal, to his wife, "to have and to hold the same to her, her heirs and assigns, forever," with a request that she should devise the property to his children. *Held*, that the widow took the estate absolutely, without any trust in favor of the children.

2. SAME—EFFECT OF POWER OF SALE.
    A power of sale given by a will to a widow as executor is not inconsistent with a previous devise to her in fee.

Action for specific performance by Charles G. Street against James Gordon. Submission of controversy on agreed statement of facts. Judgment for plaintiff.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Frank Rudd, for plaintiff.
Michael Furst, for defendant.

CULLEN, J. The question submitted is the right of the plaintiff to the specific performance of a contract whereby he agreed to sell and the defendant agreed to buy a certain tract of land. The defendant's refusal to carry out the contract is based on the alleged infirmity of the plaintiff's title. Michael Staff died in 1860, seised in fee-simple absolute of the premises, and leaving him surviving a widow and four children, his only heirs at law. He left a will, which, so far as it relates to the land which is the subject of this controversy, is as follows:

"And as touching all the rest, residue, and remainder of my estate, real and personal, and mixed, of whatsoever kind or nature the same may be, in the county of Wayne aforesaid, and in the cities of New York and Brooklyn, in the state of New York, or elsewhere, I give, devise, and bequeath the same unto

my beloved wife, Sarah S. Staff; to have and to hold the same to her, her heirs and assigns, forever. It is my wish and request that my said wife shall, before the time of her death, make and execute her last will and testament, and therein give and bequeath the property herein given and bequeathed to her to my children hereinbefore named, share and share alike. Should it become necessary to sell any or all of my real estate for the purpose of paying any of my just debts, I hereby order and direct that my executrix hereinafter named shall sell and dispose of said real estate, or such a portion of the same as may be necessary, to such person or persons as she may see fit, and for such price or prices as may be reasonably gotten for the same; and for that purpose I do hereby authorize and empower my said executrix to sign, seal, and execute, and acknowledge such deed or deeds of conveyance as may be requisite and necessary for the granting and assuring the same to the purchaser or purchasers thereof in fee simple."

In 1866 the testator's widow, by her individual deed, conveyed the premises to one Benjamin Bryer, from whom, by mesne conveyances, the plaintiff has acquired title. The defendant contends that under the will of Michael Staff the widow took only a life estate, with remainder to her children, or, at least, that the question is sufficiently doubtful to justify him in refusing to take title. It was stated on the argument, although the fact does not appear in the case, that the children of the testator, or some of them, survived the widow. We shall not review at any length the decisions on the subject of trusts raised by precatory words in a will, as we deem the controversy in the case before us substantially settled by the authority of Clay v. Wood, 153 N. Y. 134, 47 N. E. 274. In that case the testator gave all the residue of his estate to his wife and "to her heirs, executors, administrators, and assigns, forever," and then stated: "It is my desire and request that my said wife do sustain, provide for, and educate Lucretia M. Wood, the daughter of my said adopted daughter, Josephine M. Wood. And it is my further desire and request that my wife do make the said Lucretia M. Wood, Josephine M. Wood, and my nephews and nieces, the children of my brothers Caleb S. Clay and George Clay, joint heirs, after her death, in the said estate which by this will I have bequeathed to my said wife." The widow, by her will, gave the property to Lucretia M. Wood and Josephine M. Wood, to the exclusion of the testator's nephews and nieces, who brought an action to have a trust in the estate of their uncle declared in their favor. It was held that the widow took, under the will, the residuary estate of her husband absolutely, and that the request that she should make the testator's nephews and nieces joint heirs after her death was insufficient to raise a trust in favor of those relatives. Everything said by Judge Gray in the opinion delivered in that case seems equally applicable to the case before us. In this case, as in that, the habendum to the devisee is, "to have and to hold the same to her, her heirs and assigns, forever." Any extended argument on the subject could be little more than a paraphrase of the opinion of the distinguished judge mentioned. But, if we sought to determine the question before us by ascertaining the intention of the testator without the light of this authority, we would reach the same conclusion. Precatory words have at times been considered by the courts as sufficient to impose a trust upon a legacy or devise, but in nearly all the cases where such construction

has been adopted there has been some discretion left in the legatee or devisee, or the charge on the legacy or devise has been in some respect conditional or indeterminate in its amount. It can readily be seen why, at times, a testator, wishing to give the ultimate ownership of his estate to his widow, but at the same time to secure the support and maintenance of his children, might seek to accomplish this object by imposing a trust on a general gift of his estate to the widow. His estate might change in value before his decease, the conditions and number of his family might alter, and it might not be practicable to determine in advance what share or sum or what annual income should be allotted to each child. So, also, a testator, with the intent to subject his children to the control of his widow, or more remote relatives to the control of the first devisee, might, to accomplish this result, naturally impose upon the first taker a discretion either as to the persons who, on her death, should take the principal of the property, or as to the shares which they should take. But in the will before us, the request is that the widow shall give the property devised to her to the testator's children, share and share alike. If the construction of the will contended for by the defendant is correct, then the devise was to the widow for life, and remainder after her death to the children equally. If this was the intention of the testator, we are at a loss to imagine why he did not so devise his property, or why he took the pains to give the property to the widow, "to have and to hold the same to her, her heirs and assigns, forever." The intent of the testator that the wife should take the property absolutely is emphasized by the request that she should make her will, giving the property to the children equally. It may be urged that this is not to be construed as a recognition that the property was the wife's absolutely to dispose of by will, but that she was merely to exercise a power of appointment. There might be some reason for giving a power of appointment if the first estate were only a life estate, and there were some discretion in the donee of the power as to the appointees or their shares. But there can be no reason for a power of appointment where the appointees and their interests are certain. In such a case the testator would directly devise the estate in the manner he intended it to go. Nor is the power of sale given by the will to the widow as executor at all inconsistent with the previous devise to her of the fee. Such powers are frequently found in wills which contain direct devises. In fact it may be said that a prudent lawyer will generally insert such a power in the will of a man in active business, so that, if desired, his real estate may be disposed of promptly after his decease. If there should be doubt as to the extent of the claims against the estate, or of the sufficiency of the personalty to discharge the same, a purchaser would be unwilling to take title to the real estate until after the lapse of the statutory period during which it could be sold for debts, but a sale made by the executor under the power given by the will would not be subject to be impeached. This case differs entirely from In re McClure, 136 N. Y. 238, 32 N. E. 758. There the gift to the wife did not specify the extent of the estate she should enjoy, and the power of sale was given to her individually,

to be exercised, however, only with the consent of the executors, of whom she was one. It was not the grant of the power of sale, in the case cited, that was held to limit the estate the widow took under the will, but the fact that the power of sale was restrained by the necessity for the consent of the co-executors; a restraint which was deemed inconsistent with her taking a fee. In the light of the decision in Clay v. Wood, supra, we do not regard the title of the plaintiff as being subject to sufficient doubt to render it unmarketable. There should therefore be judgment for the plaintiff on the submitted case, with costs. All concur.

