ESTATE OF AUGUSTE BERNARD RICHET, DECEASED.

[No. 1501; decided April 6, 1909.]

Wills.—Precatory Words are Expressions in a will praying or requesting that a thing be done; they are words of entreaty, request, desire or recommendation as distinguished from direct and imperative words.

Wills.—Precatory Words Addressed to a Devisee or legatee make him a trustee for the person in whose favor they are used, provided the testator has pointed out with sufficient certainty both the object and subject matter of the intended trust.

Wills—Cutting Down Fee by Subsequent Words.—When an absolute estate has been conveyed in one clause of a will, it is not cut down or limited by subsequent words except such as indicate as clear an intention therefor as shown by the words creating the estate. Words that merely raise a doubt or suggest an inference will not affect the estate thus conveyed. This rule of construction controls the rule that an interest given in one clause of the will may be qualified or limited by a subsequent clause.

Wills—Subsequent Precatory Words Cutting Down Fee.—Under a clause in a will providing that "all the rest and residue of my estate, real or personal, wheresoever situate, of which I may die seized or possessed, I give, devise and bequeath to my beloved wife. . . . . It is my wish that my wife pay a monthly pension of ten dollars to my sister during the latter's lifetime"—the wife is entitled to the entire residue of the estate, free from any limitation or trust.

P. A. Bergerot, for Sarah Richet, widow of testator.

S. J. Brun, for Bertha Richet, sister of testator.

COFFEY, J.   The clause of the will to be construed is as follows:

"Secondly—If any posthumous children should be born, I give and bequeath to them the sum of $5,000 each.   To my.

stepchildren, Thomas and Mathilda London, I give and bequeath $100 each.

"All the rest and residue of my estate, real or personal, wheresoever situate, of which I may die seized or possessed, I give, devise and bequeath to my beloved wife, Sarah Richet. . . . . It is my wish that my wife pay a monthly pension of ten dollars to my beloved sister during the latter's lifetime."

The question to be determined in this matter is whether or not the words of the will do or do not create a trust for the payment of a monthly pension to testator's sister. After granting all the residue of his estate to his wife, testator uses these words: "It is my wish that my wife pay a monthly pension of ten dollars to my sister."

If these words created a trust, there is no doubt that the sister is entitled to the monthly pension.

Precatory words as defined by Bouvier are expressions in a will praying or requesting that a thing be done. Burrill says that they are words of entreaty, request, desire or recommendation employed in wills as distinguished from direct and imperative words. Such words when addressed to a devisee or legatee will make him a trustee for the person in whose favor they are used, provided the testator has pointed out with sufficient certainty both the object and subject matter of the intended trust: See Harrison v. Harrison, 2 Gratt. 1, 44 Am. Dec. 365.

In Bohon v. Barrett, 79 Ky. 378, the court, speaking of precatory trusts, says: "His (the testator's) wishes and desires as to the disposition of his property after his death constitute his will (Burt v. Herron, 66 Pa. 402), and although such desire is not expressed in mandatory language, yet, if from the language used it can be inferred, with reasonable certainty, what the desire of the testator is, it will be treated by the courts as his command and executed accordingly."

In the leading English case of Knight v. Knight, 3 Beav. 172, the court says: "As a general rule, it has been laid down that when property is given clearly to any person, and the same person is by the giver, who has power to command, recommended or entreated or wished to dispose of that property in favor of another, the recommendation or entreaty or wish shall be held to create a trust. First, if the words

are so used that upon the whole they ought to be construed as imperative; second, if the subject of the recommendation or wish is certain; and thirdly, if objects or persons intended to have the benefit of the recommendation or wish be also certain.''

In Lines v. Darden, 5 Fla. 51, the court said: "The words 'will and desire,' when addressed to an executor, are, as contended, imperative, and it is his duty to carry out the wishes of his testator, if possible and when consistent with the will.''

In Eberhardt v. Perolin, 48 N. J. Eq. 592, 23 Atl. 501, the word "recommend" was given an imperative meaning. For instances of cases where the word "wish" has been construed in a mandatory sense, see Phebe v. Quinllin, 21 Ark. 490; Bohn v. Barrett's Exr., 79 Ky. 378; Pratt v. Trustees etc., 88 Md. 610, 42 Atl. 51; Bliven v. Seymore, 88 N. Y. 469; Phillips v. Phillips, 112 N. Y. 197, 8 Am. St. Rep. 737, 19 N. E. 411; Meehan v. Brennan, 16 App. Div. 395, 45 N. Y. Supp. 57.

In Phillips v. Phillips, 112 N. Y. 197, 8 Am. St. Rep. 737, 19 N. E. 411, where an olographic will after a devise of all the estate to the wife provided: "If she find it always convenient . . . . to give my brother E. W. during his life, the interest on $10,000 (or $700 per annum), I wish it to be done ''—it was held that the provision did not refer to the choice, or preference of the devisee, but to her pecuniary condition each year, and hence that the intent of the testator was to charge the annuity upon the devisee or the wife, provided that the payment in any one year would occasion her no inconvenience.

In Murphy v. Carlin, 113 Mo. 112, 35 Am. St. Rep. 699, 20 S. W. 786, it was held that a precatory trust was created by the following words: "It is my wish and desire that my wife continue to provide for the care, comfort and education of T. J. M., now aged nearly five years, who has been raised as a member of my family since his infancy, and to make suitable provision for him in case of her death, providing that he continue to be a dutiful child to her and shows himself worthy of consideration.''

In Knox v. Knox, 59 Wis. 172, 48 Am. Rep. 487, 18 N. W. 155, the will contained the following: "I give, devise and bequeath unto my wife, M., her heirs and assigns forever,

all my real and personal estate . . . . having full confidence in my said wife, and hereby request that at her death, she will divide equally, share and share alike, in equal portions, as tenants in common between my sons and daughters (naming them) all the proceeds of my said property, real and personal, goods and chattels hereby bequeathed.'' The court, after a thorough discussion of the subject, held that the wife obtained under the will a life estate coupled with a trust as to the remainder in favor of the children.

In Bull v. Bull, 8 Conn. 47, 20 Am. Dec. 86, it was held that a trust was created by a devise of ''All the rest and residue of my estate, both real and personal . . . . to my brothers (naming them) whom I appoint my executors, with full confidence that they will dispose of such residue among our brothers and sisters and their children, as they shall judge shall be most in need of the same; this to be done according to their best discretion,'' it was held that a trust was created.

In Blanchard v. Chapman, 22 Ill. App. 341, it was held that a trust was created in favor of a brother by a testament saying: ''Having and reposing implicit confidence in the goodness and kindness of my dear wife, I rely on her to make all needful provisions for the future wants of my brother.''

From the foregoing cases counsel for the sister argues that a trust is created by the will of the testator in her favor; but the question in this state is disposed of by the decision in Estate of Marti, 132 Cal. 666, 61 Pac. 964, 64 Pac. 1071, in which Mr. Justice Harrison, speaking for the court, said:

The testator had, by a previous clause in his will, given and bequeathed to his wife ''all the other property, real and personal, and wherever situated, of which I may die possessed.'' This gift is explicit, and without any words of limitation or qualification. Considered by themselves, they create in her an absolute estate in the property given by him. The authorities all agree that when an absolute estate has been conveyed in one clause of a will, it will not be cut down or limited by subsequent words, except such as indicate as clear an intention therefor as was shown by the words creating the estate. Words which merely raise a doubt or suggest an

inference will not affect the estate thus conveyed, and any doubt which may be suggested by reason of such subsequent words must be resolved in favor of the estate first conveyed. This rule of construction controls the rule that an interest given in one clause of a will may be qualified or limited by a subsequent clause: Thornhill v. Hall, 2 Clark & F. 36; Hess v. Singler, 114 Mass. 56; Clarke v. Leupp, 88 N. Y. 228; Freeman v. Coit, 96 N. Y. 63; Clay v. Wood, 153 N. Y. 134, 47 N. E. 274; Fullenweider v. Watson, 113 Ind. 18, 14 N. E. 571. The rule has been formulated in this state, in .section 1322 of the Civil Code, which declares that a clear and distinct devise or bequest cannot be affected by any other words not equally clear and distinct, or by inference or argument from other parts of the will.

Upon the foregoing considerations it must be held that the applicant is entitled to the entire residue of the estate of her husband, free from any limitation or trust.

---

Precatory Words in wills are discussed at length in the note to Estate of Whitcomb, 2 Cof. Pro. Dec. 282. The tendency of the decisions is to construe the first gift as a fee, and subsequent words which appear to be repugnant as merely precatory or as expressive of a subordinate intent which must fail as an attempt to deprive the estate given of its legal attributes: Allen v. Herlinger, 219 Pa. 56, 123 Am. St. Rep. 617, 67 Atl. 907. And words of command addressed by a testator to devisees are as ineffectual to reduce a fee to an estate for life as precatory or explanatory words: Estate of Hale, 2 Cof. Pro. Dec. 191.

If an Estate in Fee is Devised in One Clause of a Will in clear and decisive terms, it cannot ordinarily be cut down or taken away by raising a mere doubt in some subsequent clause, or by some other inference therefrom: Platt v. Brannan, 34 Colo. 125, 114 Am. St. Rep. 147; Gannon v. Albright, 183 Mo. 238, 105 Am. St. Rep 471; Sevier v. Woodson, 205 Mo. 202, 120 Am. St. Rep. 728. However, a devise in fee may be restricted by subsequent words in a will: Hill v. Gianelli, 221 Ill. 286, 112 Am. St. Rep. 182. Thus a devise and bequest in favor of the testatrix's brother and her nephew and niece, share and share alike, accompanied by a direction that the share of the brother be invested for his benefit during his natural life and for the benefit of his wife and his issue after his death, does not give the brother a fee in his share, but cuts his estate down to one for life: Mee v. Gordon, 187 N. Y. 400, 116 Am. St. Rep. 613.