NELLIE POST, Appellant, v. KATHARINE E. MOORE, Respondent.

WILL — WHEN CLAUSE REQUESTING LEGATEE AND EXECUTRIX TO PAY
AN ANNUITY TO A THIRD PERSON DOES NOT CREATE OR CHARGE A TRUST
UPON TESTATOR'S ESTATE.   Where a testator devised and bequeathed all
of his property to his wife and her heirs and assigns, absolutely, and
appointed her sole executrix to control and administer the estate, and a
separate clause of the will stated that "It is my wish and desire that my
said wife shall pay the sum of three hundred dollars a year to my  sister-
in-law  *  *  *," such clause conveys nothing to her, but is the expres-
sion of a wish only on the part of the testator and does not create or
charge such a trust upon the estate as will support an action by her to
enforce it and a demurrer to the complaint therein is properly sustained.

Post v. Moore, 89 App. Div. 613, affirmed.

(Submitted February 3, 1905; decided February 21, 1905.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered
December 31, 1903, which affirmed a final judgment in favor
of defendant, entered upon a decision of the court on trial at
Special Term sustaining a demurrer to the complaint.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*William R. Bronk* for appellant.   The construction of the
will at bar claimed by plaintiff, viz., that the defendant took
the estate of the testator, coupled with an obligation imposed
upon her to pay plaintiff $300 per year, is the only proper
construction thereof.  (*Phillips* v. *Phillips*, 112 N. Y. 197 ;
*Collister* v. *Fassitt*, 163 N. Y. 281 ; *Taggart* v. *Murray*, 53
N. Y. 236 ;  *Van Horn* v. *Campbell*, 100 N. Y. 287; *People
ex rel. Mason* v. *McClave*, 99 N. Y. 83; *Crozier* v. *Bray*,
120 N. Y. 366; *Goodwin* v. *Coddington*, 154 N. Y. 283;
*Weeks* v. *Cornwell*, 104 N. Y. 325, 337 ; *Clay* v. *Wood*, 153
N. Y. 134; *Brasher* v. *Marsh*, 15 Ohio St. 103.)

*Charles Edward Souther* for respondent.

O'BRIEN, J.   The courts below have unanimously sustained
a demurrer to the complaint on the ground that it did not

state a cause of action. The action is plainly one to procure a judicial construction of a will and to procure a judgment that the plaintiff is entitled, under the provisions of the will, to a legacy or a charge in her favor upon the estate disposed of by the will, or to procure a judgment that the will creates a trust in her favor. It is alleged that the defendant's husband, William T. Moore, died leaving a will which was annexed to the complaint and made a part thereof. It is alleged that the will was admitted to probate and letters testamentary issued to the defendant as executrix, and that she duly qualified.

The prayer for judgment is that the defendant be adjudged to have received all the property devised and bequeathed to her by the will, in trust and impressed with a charge to pay the plaintiff the sum of three hundred dollars per year from May 19, 1897; that the defendant may be adjudged to pay the same to this plaintiff with interest upon each yearly installment thereof of three hundred dollars for each year, from and since May 19, 1897, when the said amounts respectively became due and payable and that the plaintiff may have judgment therefor and that it may be further adjudged that the defendant pay plaintiff each year hereafter for and during her life the sum of three hundred dollars and that all said sums of money so found due and to become due the plaintiff shall be adjudged to be a charge upon all the property of every kind and nature received by the defendant from said testator by and under his said will, and that the plaintiff may have such other and further relief in the premises as may be just and equitable.

It appears upon the face of the complaint that the provisions of the will, which are at the foundation of the action, are as follows :

" Item second. I give, devise and bequeath all my property, both real and personal, in whatsoever place it may be, to my beloved wife Katharine Elizabeth Moore to have and to hold the same, to herself the said Katharine Elizabeth Moore and to her heirs and assigns absolutely and forever."

" Item fourth. It is my wish and desire that my said wife shall pay the sum of three hundred dollars a year to my sister-in-law Miss Nellie Post."

The plaintiff claims that the fourth item of the will, quoted above, creates a trust or charge upon the estate in her favor and that she is entitled, under the provisions of the will, to be paid three hundred dollars per year, and the purpose of the action was to procure a judgment for the moneys that she claims had accrued in her favor prior to the commencement of the action and to secure her right to the same in the future during her life. It is manifest that unless this provision of the will secured to her the right to the payment of three hundred dollars per year from the estate that no cause of action is stated in the complaint and the courts below were right in sustaining the demurrer.

The learned counsel for the plaintiff, in his brief submitted to this court, contends that the plaintiff is entitled upon a proper construction of the will to the relief demanded in the complaint. In support of his contention he relies principally upon the case of *Collister* v. *Fassitt* (163 N. Y. 281). In that case the effect of a similar provision in a will was the subject of discussion and the decision was reached by a majority of the court, which, at first view, would seem to be favorable to the plaintiff's contention. It will be observed that the case of *Collister* v. *Fassitt* was decided by the same court that decided the case at bar. In the former case the judgment was unanimously in favor of the plaintiff, while in the present case it is unanimous in favor of the defendant, or, in other words, the two decisions are directly in opposition to each other. Therefore, it must be that there is some sound distinction between the two cases, and that distinction was pointed out by the learned judge at Special Term who decided the case at bar. He said that in the *Collister* case there was no direct bequest in the corresponding provision of the will to the testator's wife of all of the estate. He was perfectly correct in the statement that the will in question gave, devised

and bequeathed all the testator's property, both real and personal, to his wife, the defendant, to have and to hold the same to her and her heirs and assigns absolutely and forever with the wish and desire that this wife should pay the sum of three hundred dollars a year to the plaintiff, and he held that the gift was not qualified by the provision in reference to the plaintiff, and that no trust or power in trust in favor of the plaintiff was created by the will, and he cited in support of this view the following cases: *Foose* v. *Whitmore* (82 N. Y. 405); *Clarke* v. *Leupp* (88 N. Y. 228); *Lawrence* v. *Cooke* (104 N. Y. 632); *Matter of Gardner* (140 N. Y. 122); *Clay* v. *Wood* (153 N. Y. 134), and *Banzer* v. *Banzer* (156 N. Y. 429). On the authority of these cases the demurrer to the complaint has been sustained by the courts below. I think the decision was right and in accordance with settled principles of law. This case differs from *Collister* v. *Fassitt* not only in the particulars mentioned by the learned judge at Special Term but also in other respects. In the case referred to much stress was laid upon the fact that the provision in favor of the plaintiff, who prosecuted that action, appeared first in the will, but aside from that I think it is manifest from the language of the prevailing opinion that the case turned very largely upon facts and circumstances which appeared in the record *dehors* the will itself. In that case all the facts and circumstances were shown, and it seems that the court came to the conclusion that it was the intention of the testator to create a trust. At all events it was so held.

It will be seen that the cases cited by the learned court below at Special Term were cited in this court and fully discussed in the case of *Collister* v. *Fassitt.* While I felt very clear that that case should have been decided the other way, I think it should be followed so far as it is supported by principle and authority. My own views were fully expressed in the minority opinion in that case and I think they are applicable to and control the case at bar. This case, it must be remembered, arises upon a demurrer to the complaint, which rests upon the ground that no cause of action is stated. The

question is, therefore, free from the extraneous facts which seemed to have had some influence in the decision of *Collister* v. *Fassitt*, since such facts were fully stated and discussed in the opinion. I can add nothing to the discussion of the question that is to be found in that case, except to call attention to the principles that control such questions as found in the elementary books on wills.

In Redfield on Wills (Vol. 2, p. 423, 2d ed.) the principle is stated in these words:

"It is well said by Mr. Jarman that the courts, at some periods, have gone almost to an absurd length, in construing the slightest intimation of a desire to have the avails, or any part of the avails of a legacy or devise appropriated in a particular manner by the devisee or legatee, into an obligatory trust for that purpose; and this learned and prudent writer suggests the propriety of always accompanying such expressions of wish or desire on the part of testators, with the explicit declaration, that nothing obligatory is intended. This, we think, is what is always intended by testators, in the use of these hortatory expressions in their wills, toward the recipients of their bounty. There is scarcely one man in a thousand who would, in such cases, use any such indefinite and optional forms of expression toward those whom he expected to assume a binding duty and obligation to others in regard to the *corpus* or the income of the bequest. He uses such precatory words, because he desires to leave it to the discretion of the donee, and if he intended to control that discretion, he would adopt very different language. So that, probably, in nine cases out of ten, where the courts have raised a trust out of such mere words of wish and exhortation, it has been done contrary to the expectation of the testator, and more out of regard to the moral, than the legal duty, of the donee. And we are happy to perceive, in the later English cases, a disposition to return to this obvious and natural construction of the words of the will, in these respects, and to leave the results of misplaced confidence, where all such consequences properly rest, with the parties concerned."

In Jarman on Wills (Vol. 1, p. 388) the principle that controls such cases is stated in these words:

" And where the words of a gift expressly point to the *absolute* enjoyment by the donee himself the natural construction of subsequent precatory words is that they express the testator's belief or wish without imposing a trust."

In the case at bar there was an absolute gift by the testator of all his property to the defendant, his wife. He gave nothing to the plaintiff. He expressed a wish that his wife should pay to her three hundred dollars a year, but this was the expression of a wish only on the part of the testator and the whole matter rested in the discretion of the wife, who took the whole property absolutely and who was appointed executrix to control and administer the estate. I think that the complaint in this case did not state a cause of action and that the demurrer was properly sustained by the courts below. It follows that the judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Judgment affirmed.