(173 App. Div. 543)

### TURRILL v. DAVENPORT.

(Supreme Court, Appellate Division, Second Department.   June 29, 1916.)

WILLS ⬤⟞675—CONSTRUCTION—POWERS—POWER OF DISPOSITION—"DESIRE."
    A testatrix's language, that "I desire  *  *  *  the landed property be sold," *held* mandatory, where the general plan of the will showed a purpose to increase the estate's income by converting the real estate into interest-bearing securities.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1587–1589;  Dec. Dig. ⬤⟞675.]

Action by Mary E. S. Turrill, as executrix, against Pierrepont Davenport, upon an agreed statement of facts.   Judgment for plaintiff.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Clarence F. Corner, of Brooklyn, for plaintiff.
George G. Reynolds, of Brooklyn, for defendant.

JENKS, P. J.   This submitted controversy presents the sole question whether the plaintiff as executor can convey marketable title of certain realty.   The power of sale must be sought in the fifth clause of the will, which reads:

    "Realizing that the present income from the investments and securities is extremely small and that even this must be constantly diminished by taxes on real estate, I desire that in order to augment said income the landed property be sold as soon as profitable sales can be negotiated and the proceeds reinvested in safe interest bearing bonds and mortgages.   In no case is the money to be 'borrowed' by friend or foe, not even 'just until to-morrow.'   Sales and reinvestments in the discretion of Mrs. Turrill;  after her demise, of the other executors.   I desire that the interest on the unsecured notes be paid promptly and I trust to the honor of the Turrill brothers to do this to augment the now small income and that the entire sum be paid over on the day of Mildred Mecum's majority."

Are the words "I desire" to be construed in this case as precatory or mandatory?   It is well settled that without violence done to the words they may be construed as equivalent to "I will," or the like, if we conclude that such was the intention of the testator.   Appeal of City of Philadelphia, 112 Pa. 470, 4 Atl. 4; Estate of Pforr, 144 Cal. 121, 77 Pac. 825; Meehan v. Brennan, 16 App. Div. 395, 45 N. Y. Supp. 57; Phillips v. Phillips, 112 N. Y. 197, 19 N. E. 411, 8 Am. St. Rep. 737; Moseley v. Bolster, 201 Mass. at page 143, 87 N. E. 606; Stewart v. Stewart, 61 N. J. Eq. 25, 47 Atl. 633.

The will is the work of one who disregarded technical words.   It is unconventional in form, original and quaint in composition.   Therefore we need not pause to inquire whether in nicety the testator weighed the words "I desire" with such words as "I will" or "I direct," and used the former phrase but to express advice.   The scheme of the will with respect to a sale of the realty is plain.   After bequest of all "personal effects, such as household goods," the income and interest of the principal is given to Mrs. Turrill.   The testator directs that the "principal" "consists of real estate, bonds and mortgages and

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

bank deposits." Mrs. Turrill is made one of the executors. And so the testator provides:

"Sales and reinvestments in the discretion of Mrs. Turrill; after her demise, of the other executors."

In another part of the will it is provided as to the principal:

"For reinvestment, it is subject to the discretion of Mrs. Turrill but with the understanding that these shall be in safe bond and mortgage securities interest bearing."

I think that the testator considered that as the income payable to Mrs. Turrill was extremely small and was subject to diminution by the payment of taxes upon the realty, she intended to direct, not merely to advise, a sale and a reinvestment for the purpose of increasing the income which was to be paid to Mrs. Turrill during her life. Such a course is consonant with other specific directions contained in a will which throughout reveals the author as a person of strong prejudices and positive opinions, who intended to direct her representatives, not to counsel them.

In accord with the terms of submission, there must be judgment for the plaintiff that the defendant perform said agreement and pay to the plaintiff $1,900, with interest from March 10, 1916, but without costs of this action. All concur.