Beekman, S.
On the return of the citation on the judicial settlement of the accounts of the executrix, the special guardian for Helen A. Van Deusen asked for a construction of the will as to the rights of said infant. The accounts and supplemental accounts of the executrix together with certain offers by way of compromise on the part of the widow and executrix, the request of the special guardian for construction and the objections on the part of the said minor, Helen A., by her special guardian are on file.
The testator’s will is dated May 6, 1918, and was admitted to probate November 16, 1918, he having died on October 27, 1918, leaving his widow, Nellie M., a daughter Linda of full age, a daughter Helen A., ten years and six months old at the time of her father’s death, and a minor son, Morgan C., over nineteen years of age.
In his will the testator made the following provisions :
“First. I give to my daughter Linda Van Deusen the sum of five hundred dollars to be paid to her within one year after my death.
“ Second. I give unto my wife Nellie M. Van Deusen the sum of six thousand dollars to be paid to her within one year after my death. I also give to her for and during her natural life, the use, enjoyment, possession and control of all the rest, residue and remainder of all my personal estate of which I may die seized and possessed, except the following named *76 and described personal property, which I hereby give to my son, Morgan C. Van Deusen, absolutely, to wit: All my horses, stock, cattle, farming implements, tools, hay, grain and straw on my farm hereinafter described, at my death, together with all crops growing thereon.
“ It is my request and my will, that my said wife, shall maintain my daughter Helen A. Van Deusen during her minority, and properly clothe her and educate her so that she shall graduate at a New York State Normal School. And I hereby declare that the provisions in this will in favor of my said wife shall be in lieu and bar of her dower or thirds in my real estate.
“ Third. I also give devise unto my said wife for and during her natural life, the use, rents, issues and profits, enjoyment, possession and control of the farm of land which I now own and upon which I now reside situate in the village and town of Cobleskill aforesaid.
“ Fourth. Upon the death of my said wife, I give and devise unto my said son Morgan C. Van Deusen said farm of land, to him, his heirs and assigns forever. But subject however to the conditions and payments hereinafter mentioned.
“ Fifth. Upon the death of my said wife, I give unto my daughter Linda Van Deusen the sum of Two thousand dollars, and to my said daughter Helen A. Van Deusen three thousand dollars to be paid to them respectively within two years after the death of my said wife, with interest after the first year; and to be paid out of my personal estate. But if such personal estate shall be insufficient for such purpose, then I order and direct that the deficiency shall be paid by my son Morgan C. Van Deusen out. of said farm so devised to him, and I hereby make the payment of such deficiency a lien and charge on said farm.
*77 “ Sixth. I give and bequeath unto my son Morgan C. Van Deusen all the rest, residue and remainder of my estate after the foregoing provisions have been fully carried out and complied with, to him, his heirs and assigns forever.
“ Lastly. I hereby appoint my said wife sole executrix hereof, and hereby direct that she be not required to give any bond or other security as such executrix. ’ ’
By the accounts it appears that after paying the debts, funeral expenses and certain expenses of administration and deducting the commissions of the executrix, together with the value of the horses and certain other specific farm stock, crops and implements bequeathed to Morgan C. in the 2d paragraph of the will there is left $5,478 to pay the $500 legacy to Linda and the $6,000 legacy to the widow. It is obvious, therefore, that there is no residue of personal property of which the widow can have the “ use and enjoyment ” and that there is no personal property out of which to pay the legacy of $2,000 to Linda and the legacy of $3,000 to Helen A., which are, therefore, payable and chargeable as provided in the last sentence of the 4th paragraph of the will and in the 5th paragraph. The serious question over which the controversy mainly arises is the meaning and effect of the following words in the 2d paragraph: “It is my request and my will that my said wife shall maintain my daughter Helen A. Van Deusen during her minority and properly clothe her and educate her so that she shall graduate at a New York State Normal School.”
Clearly the testator has strongly in mind the requisites for the temporal welfare of his ten-year old daughter during her minority and, furthermore, he is particular to state the specific kind or grade of education which it is his will that his wife shall provide. His other daughter was over twenty-one years of age *78 and Ms son was nearing Ms majority and presumably both had been supported and educated by their father who desired to provide that the little girl should be treated at least equally well.
The question arises whether the words “It is my request and will,” import simply a passive desire, the expression of a hint, choice, expectation, advice, a wish in the sense of “ I would like,” “ I would be pleased” or a command, order and imperative and binding direction. To disregard the force and meaning of the word ‘ ‘ will ’ ’ which is so often used with great solemnity in testamentary papers in disposing of property or creating an estate or interest, would be a serious innovation and mistake. It is one of the strongest words which can be used to express the positive and controlling intention of the testator in such an instrument. It certainly is stronger than ‘' request,” “wish” or “desire.” Numerous authorities treat the word “ will ” as used in the context in this case as dominating and controlling. In Bliven v. Seymour, 88 N. Y. 469-476, the court says: “ The criticism then strikes upon the word wish in the bequest over. It is plainly used in the same sense as if he said I will, or I direct. ’ ’ The force of the word ‘ ‘ will ’ ’ is also emphasized in the following cases: Phillips v. Phillips, 112 N. Y. 197; Turrill v. Davenport, 173 App. Div. 543.
In the present case the word ' ‘ will ’ ’ is coupled with the word “ request,” indicating that the testator, not content with the word request, desired to render his intention most plain and emphatic by reenforcing his request by using the word ‘ ‘ will. ’ ’ The phrase, ' ‘ It is my request and my will ’ ’ etc., in the body of the paragraph in which occur the disposition of the $6,000 to his wife and the bequest to his son of the horses, etc., and prior to the gift to his wife of the use and *79 rents of the farm, cannot be discarded as meaningless or as simply a suggestion to his wife or the expression of a hope or preference that shall have no binding force and create no charge. It is not necessary to express the intention of the testator that the different sentences of the 2d and 3d paragraphs should have been connected with such phrases as “ subject to the following provisions,” or “nevertheless,” or “however ” or “ notwithstanding the foregoing provision,” or ' ‘ charged upon. ’ ’ The absence of such phrases will not create repugnancy between prior and subsequent provisions when the language is plain in its meaning and all the separate sentences can be harmonized in the light of the general scheme of the will and the circumstances of the estate and the parties. In case the word “ nevertheless ” or “ however ” had been used before the words “it is my request,” etc., would any one claim that the rest of the sentence did not qualify the 1st sentence in the 2d paragraph, and was of no binding force? By referring to the 2d and 3d paragraphs of the will it will be seen that the testator in the very midst of and as a part of the provisions for his wife says: “It is my request and my will that my said wife shall maintain,” etc., words definite in meaning and as imperative as the English language could make them.
Furthermore there are no words expressive of lodging discretion in the wife as to whether or not the provisions for the benefit of the daughter shall be fulfilled. The command is obligatory. ‘ ‘ It must not be forgotten that testamentary provisions for support and education are favored by law * * * in favor of the dependent beneficiary.” Collister v. Fassitt, 7 App. Div. 20.
In the cases where it has been held that an absolute gift in terms could not be cut down or qualified by *80 later or prior other words, the decisions largely turned upon the fact that words implying the exercise of discretion by the legatee as to doing certain things were used, or that the word “wish,” in the sense of suggestion or preference, was used, or upon the fact that the quasi qualifying words were uncertain in meaning and not definite and imperative.
In the endeavor to follow authority, I have carefully examined the cases cited by counsel as well as many other authorities, in the search for a will like the one under consideration, but unfortunately cannot refute the oft-repeated judicial observation that, ‘' no will has a brother;” however, the following cases in the Court of Appeals may fairly be said to belong to the same “ gens.”
In the case of Lawrence v. Cooke, 104 N. Y. 632, in which a daughter was given the residue of the estate, ‘ ‘ to have and to hold the same unto her and her heirs and assigns forever,” and where the testator in a subsequent clause of his will mentions the guardianship of a grandchild and says: “I enjoin upon her [his daughter] to make such provision for said grandchild out of my residuary estate now in her hands, in such manner, at such times, and in such amounts as she may judge to be expedient and conducive to the welfare of said grandchild, and her own sense of justice and Christian duty shall dictate,” the court decided that it was “beyond the power of any court to substitute its discretion for hers, and no trust was created which a court of equity could execute, contrary to her judgment;” however, Judge Rapallo in an opinion concurred in by the entire court and which I have not found questioned in any later decision, said: “ If the clause had been that the testator enjoined upon the defendant to make suitable provision, out of the residuary estate, *81 for the support of the plaintiff, there would be force in the argument, not indeed that the defendant took the residuary estate in trust, but that she took it subject to a charge, the amount of which might be ascertained by a court of equity, and satisfaction thereof decreed.” The language last quoted would have plainly stated what had to be done by the legatee without leaving it to her to be the judge of the manner, times, and amounts according to her own sense of Christian duty.
In Phillips v. Phillips, 112 N. Y. 197, the will gave the entire estate real and personal to the wife and named her executrix and proceeded as follows: ‘ ‘ ‘ If she find it always convenient to pay my sister Caroline Buck the sum of three hundred dollars a year, and also give to my brother Edwin W., during his life the interest on ten thousand dollars (or seven hundred dollars per year), I wish it to be done.’ ” In that case in a unanimous opinion the court said: “Without a detailed consideration of the cases, it is quite clear, that as a general rule, they turn upon one important and vital inquiry, and that is, whether the alleged bequest is so definite as to amount and subject matter as to be capable of execution by the court, or whether it so depends upon the discretion of the general devisee as to be incapable of execution without superseding that discretion. * * * The distinction is clearly drawn, and was acted upon in Lawrence v. Cooke, 104 N. Y. 632. * * * It was added [in the opinion in Lawrence v. Cooke] that if she had been enjoined to make suitable provision out of the residuary estate, a charge would have been created, for what would be ‘ suitable ’ could be determined as a fact, and would be independent and outside of the mere choice or whim of the devisee. If the word had been ' wish ’ instead of ‘ enjoin ’ the result could *82 not have been different upon either branch of the conclusion. * * * I have examined the cases in our own court prior to Lawrence v. Cooke and have found in none of them a departure from the doctrine there asserted, or a judgment in hostility to it. * * * We are convinced that in the present case the testator meant to charge upon the gift to the wife the annuities to his sister and brother, provided only, that their payment should not occasion her inconvenience.”
In Collister v. Fassitt, 163 N. Y. 281, the will read: " Fourth. I direct my wife Amelia A. Scranton, out of the property * * * bequeathed to her by this will, to use so much thereof for the support and benefit of my niece, Georgie S. Collister, as my wife shall from time to time in her discretion think best so to do.” The testator then makes bequests to his executors in trust for the benefit of his wife and another and in a later paragraph, says: " Eighth. I give, devise and bequeath all the rest, residue and remainder of the estate, both real and personal, of which I shall be seized or possessed or to which I may be entitled atibe time of my death, to my wife, Amelia A. Scranton absolutely.”
The question as to whether the two provisions were repugnant and whether the words in the 4th subdivision were merely precatory and did not cut down or qualify the words of absolute gift in the 8th subdivision was sharply raised. The court after discussing Lawrence v. Cooke, and quoting the words of Judge Rapallo which are quoted in this opinion supra, says: “ The case put by way of illustration as creating a charge, which a court of equity would enforce is in substance the case before us.” The court in Collister v. Fassitt further says: “We are of the opinion that the defendant took the residuary estate of the testator charged with the payment of a reasonable amount for *83 the support of the plaintiff, in accordance with the terms of the will.” P. 292. The court also on page 288 uses the word “charge ” — “We have already pointed out what seems to us the intention of the testator, which was to charge the support of his niece upon the residuary estate subsequently vested in his wife.”
It will be observed that while the decision in the Collister case was by a divided court, nevertheless it is worthy of comment that the prevailing opinion is in substantial conformity with the unanimous opinions of the Appellate Division on the two occasions when the case was before that court. 7 App. Div. 20; 23 id. 466.
In all three cases it was held that a charge was created. To so hold in this case is clearly according to the intention of the testator, as well as the authorities.
To recur briefly to the terms of the will and the circumstances of the estate, the testator having directed $6,000 to be paid to his wife and given her the use of a certain portion of his personal property and given her the use during life of his farm which is conceded to have been worth about $12,000, which would seem to be ample and considerably more than sufficient for the support of the widow alone, it is most reasonable indeed that he should intend that his wife should take what he gave her charged with the support of his infant daughter as specified in the sentence beginning “ It is my request, etc. ’ ’ The fact that the widow will not receive the full $6,000, and that there is no “residue” of personal, as disclosed by the accounts, of which she may have the income does not affect the intention of the testator.
The true construction and legal effect of the will are as follows: .
*84 That the $500 legacy to Linda and the $6,000 to be paid to the wife are first payable ont of personal property not specifically bequeathed.
That whatever personal property shall be found payable to the widow upon the judicial settlement of the accounts shall be paid to her charged with maintaining Helen A. Van Deusen during her minority and properly clothing her and educating her so that she shall graduate at a New York State Normal school.
The widow for and during her natural life takes the use, rents, issues and profits, enjoyment, possession and control of the farm, charged likewise as above.
Morgan C. is entitled to the specific personal property consisting of horses, cattle, stock and the other farm crops and implements mentioned in the 2d paragraph and he takes the farm as set forth in the 4th and 5th paragraphs about which as I understand there is no controvery. There being no personal property applicable to the payment of the legacy of $2,000 to Linda Van Deusen, and the $3,000 legacy to Helen A. Van Deusen said legacies are therefore payable and chargeable as provided in the 5th paragraph of the will.
Under the provisions of the will as construed and the law applicable thereto, the widow is not required to give a bond.
Decreed accordingly.