In the Matter of the Estate of SUSAN DAINTREY, Deceased.

Surrogate's Court, New York County, June 12, 1925.

**Wills — construction — clause in codicil of will bequeathing remainder of estate to designated legatee followed by phrase " I also request that an annuity * * * be paid " by said legatee to named beneficiary during lifetime — word " request " not precatory — testatrix intended to create trust in favor of beneficiary with legatee as trustee.**

A clause in a codicil of a will which bequeathes the residue and remainder of testatrix's estate to a designated legatee, followed by the phrase " I also request that an annuity of $500 be paid " by the said legatee to a named beneficiary " during her lifetime " creates a trust in favor of said beneficiary with the legatee as trustee.

The phrase containing the word "request" was not in the nature of a recommendation or advice, but was an imperative direction to the legatee to pay the amount fixed, and said amount, consequently, becomes a charge upon the residuary legacy.

PROCEEDING for accounting involving construction of will.

*Edwin M. Bohm,* for the executor.

24

*Kellogg, Emery, Inness-Brown & Cuthell,* for the residuary legatees.

*Seacord, Ritchie & Young* [*Albert Ritchie* of counsel], for the respondent Mrs. Diggs.

FOLEY, S.:

In this accounting proceeding the court is asked to construe the legal effect of the following provisions of the codicils to the will of the testatrix.

First codicil. " * * * I devise and bequeath said rest, residue and remainder to the man or woman holding the office of President of the Theosophical Society, to be used for the purposes of that Society. I add a request or suggestion to that person proposing that such remainder, having been wholly converted into cash, shall buy United States Bonds bearing four and one half per cent interest, and that each year three quarters of that interest to be used for Theosophical purposes while one quarter be used to buy more bonds, by which means the sum left will increase continually while being constantly of use. I also request that an annuity of five hundred dollars be paid by that person (President Theosophical Society) to Mrs. Esther Diggs during her lifetime. Mrs. E. Diggs is now wife of Archdeacon Benj. Evans Diggs, known to the Episcopal clergy of Bakersfield, Kern County, California, U. S. A. (or their Bishop) where he is now in charge. I also request and direct that William A. Griffin, of Gillespie Brothers & Co., 82 Fenchurch Street, E. C. London, my executor, shall be paid the sum of Five hundred dollars before satisfying any other legacy."

Fourth codicil. " To further assure the legality of this my last will and testament, I hereby, under the above mentioned conditions of, or rather repeating the requests in, my first codicil, give devise and bequeath to the President of the Theosophical Society for the time being, of Adyar, Madras, British India, a society incorporated on April 3rd, 1905, under Act XXI of 1860 of the Acts of the Viceroy and Governor-General of India in Council, being an Act for the registration of Literary, Scientific and Charitable Societies, said rest residue or remainder of my estate,   *   *   *."

Anne Besant, individually and as president of the Theosophical Society of British India, contends that the residuary estate now in the hands of the executors should be paid to her free from any mandatory charge to pay the annuity " requested " to be paid to Mrs. Diggs.

The respondent, Mrs. Diggs, claims that the codicils created a trust or placed a charge upon the residuary legacy and that she is entitled, under the provisions of the codicils, to be paid $500

a year from the date of the death of the testatrix. She also asks that a fund sufficient to produce the annual income mentioned in the will be retained within the jurisdiction of this court. In the discussion of the facts and law it is unnecessary to distinguish, technically, the gift as a trust or as an annuity.

From the reading of the will and codicils I have come to the conclusion that the intention of the testatrix was to create a trust, with the president of the society as trustee, and Mrs. Diggs as the beneficiary. The modifying phrase was not in the nature of recommendation or of advice. It was an imperative direction to the president of the society to pay the amount fixed. The 1st and 4th codicils were not drawn by a draftsman experienced in the law. An examination of the original documents establishes that they were prepared by the daughter of the testatrix in her handwriting and executed in Naples, Italy. The circumstances indicate that the codicils were prepared by a person ignorant of the rules of our New York law upon this question. In *Phillips* v. *Phillips* (112 N. Y. 197, 205) the Court of Appeals said: " The primary question in every case is the intention of the testator, and whether in the use of precatory words he meant merely to advise or influence the discretion of the devisee, or himself to control or direct the disposition intended." Under ordinary circumstances, the use of the word " request " in connection with an absolute gift of money or property is construed as precatory. But the context here indicates a different meaning. Numerous authorities in our State have held that the word " request," or a word of similar import, may be construed, where the context indicates such an intention, as absolute rather than precatory. (*Phillips* v. *Phillips,* 112 N. Y. 197; *Turrill* v. *Davenport,* 173 App. Div. 543; *Matter of Van Deusen,* 111 Misc. 74; *Matter of Barney,* 207 App. Div. 25, 27. See, also, editorial in N. Y. L. J. June 10, 1925.)

It will be noted that in the language of the 1st codicil, with respect to the investment of the funds given to the theosophical society, the following language is used: " I add a request or suggestion." This part of the codicil did not limit the gift, but merely constituted a form of advice. In the last sentence of the 1st codicil she clearly uses the word " request " in the sense of an outright gift when she states: " I also *request* and direct that William A. Griffin * * * my executor, shall be paid the sum of Five hundred dollars before satisfying any other legacy." It will be noted that this legacy, notwithstanding the precatory language used, was absolute and was to be preferred to that of the society. Additional evidence of the mandatory form of the gift is found in the 4th codicil, which provides: " To further insure the legality of

this my last will and testament, I hereby, *under the above mentioned conditions of,* or rather repeating the requests in, my first codicil," give the residuary to the president of the society. The use of the word "condition" when construed with the word "request" strengthens the imperative design of the testatrix to give the annuity to Mrs. Diggs. In reaching this conclusion I have carefully considered the decision of the Court of Appeals in *Post* v. *Moore* (181 N. Y. 15) and believe that the language of the will involved here is clearly different in its meaning and effect. In this class of cases, as in all questions of construction, the interpretation depends upon the distinctive language employed or the surrounding circumstances of each case. In the *Post* case the testator gave all his property to his wife and to her heirs "absolutely and forever." The will further provided: "It is my wish and desire that my said wife shall pay the sum of three hundred dollars a year to my sister-in-law, Miss Nellie Post." The court there found that the last sentence was precatory and insufficient to cut down the outright gift of the fund to the wife. In his opinion Judge DENIS O'BRIEN traced the drift of the English and our own courts away from the policy of construing precatory words as imposing a trust on the donee. Jarman on Wills (Vol. 1 [6th Eng. ed.], p. 880) points out that exceptions, however, have been made by the English courts to that tendency, particularly where (as in the present will) there was a named beneficiary of the trust, a designated amount to be paid and where the terms of the trust are definite and specific. (*Willis* v. *Kymer*, L. R. 7 Ch. Div. 181, JESSEL, M. R.) In the *Post Case* (*supra*) it will be noted also that the gift to the wife was to her "absolutely and forever." In the present will no such imperative language is used in the gift to the president of the theosophical society. In that case also the Court of Appeals referred to its prior decision in *Collister* v. *Fassitt* (163 N. Y. 281), where the terms of the will were held to effect a charge, which was enforcible against the residuary legatee, notwithstanding the precatory form of the language used by the testator. The surrounding circumstances and language used in the will of Mrs. Daintrey sufficiently distinguish the pending case from the conclusion reached in *Post* v. *Moore* (*supra*).

I hold, therefore, that the testatrix clearly intended that the annuity given to Mrs. Diggs is a charge upon the fund, that Anne Besant, as president of the theosophical society, or her successor, was appointed under the will as trustee for the benefit of Mrs. Diggs, and I direct that a sum sufficient to produce the annuity of $500 a year be set up and retained within this jurisdiction for the purpose of carrying out the provisions in favor of Mrs. Diggs.

Submit decree on notice construing the will accordingly.