In the Matter of the Estate of JAMES T. LISTER, Deceased.

Surrogate's Court, Niagara County, January 26, 1937.

*Hunt, Carrie & Giles,* for the petitioners, John Lister and others.

*Francis T. Findlay,* for the executor, Power City Trust Company, and for the Niagara Frontier Lodge, No. 132, of Free and Accepted Masons, legatee; Bellevue Lodge, Independent Order of Odd Fellows, and the Independent Order of Odd Fellows Home, Lockport, New York.

GOLD, S. This is a proceeding commenced by the petitioners, who are first cousins of the decedent, for a determination as to the validity, construction or effect of disposition of property contained in the last will and testament of said decedent. The petitioners are persons who would have been distributees of decedent if no will had been executed by decedent.

Said James T. Lister died on or about the 8th day of March, 1936, leaving a last will and testament, dated March 7, 1936,

which was duly admitted to probate in this court on the 1st day of July, 1936.

On or about the 1st day of July, 1936, letters testamentary of said last will and testament of decedent were duly issued to the Power City Trust Company of the city of Niagara Falls, and said Power City Trust Company duly qualified and is now acting as executor under the said last will and testament.

At the time of the death of decedent he was possessed of personal property in the amount of $200,000 and upwards, and seized of certain real property situate within the State of New York and elsewhere of the value of $10,000 and upwards.

After the payment of debts and funeral expenses, decedent devised unto Anna Pierce, of the city of Niagara Falls, N. Y., who had acted as housekeeper for him, a life interest in his real property, situate at No. 536 Chasm avenue in the city of Niagara Falls, N. Y., with the sole right to use or occupy said premises during the term of her natural life and upon her death the same to revert to his residuary estate.

He then gave, devised and bequeathed to his executor, to wit, Power City Trust Company, of the city of Niagara Falls, the sum of $20,000, in trust, and directed the trustees to pay out of the income an annuity of $1,000 in equal monthly installments to said Anna Pierce during the term of her natural life, together with the right to use part of the principal, if necessary, for her support, the balance of principal remaining at the time of her death to be divided equally between the Masonic Home and Asylum Fund, State of New York, and the Independent Order of Odd Fellows Home at Lockport, New York.

The fifth clause of the will provides as follows:

"*Fifth.* I direct that the residue of my estate shall be divided into ten (10) equal portions and distributed by my executor as follows:

" A. I give, devise and bequeath one-tenth of said residue estate to the Niagara Frontier Lodge No. 132 of the Free and Accepted Masons, of the City of Niagara Falls, New York, the same, together with the income and profits thereof, to be used and distributed by said Lodge in charity and for charitable purposes among the poor, sick, needy, disabled or distressed, aged or infirm, worthy Master Masons, members of the order of Free and Accepted Masons, and widows and/or orphans, in the discretion of said Lodge, either annually or oftener, as said Lodge may determine and occasions may require.

" B. I give, devise and bequeath one-tenth of said residue estate to the Bellevue Lodge, Independent Order of Odd Fellows, of

Niagara Falls, New York, the same, together with the income and profits thereof, to be used and distributed by said Lodge in charity and for charitable purposes among the poor, sick, needy, disabled or distressed, aged or infirmed, members of said Bellevue Lodge, Independent Order of Odd Fellows, and widows and/or orphans, in the discretion of said Lodge, either annually or oftener, as said Lodge may determine and occasions may require.

" The above two gifts are made upon the condition that they shall not be used for the payment of any capital indebtedness of said Niagara Frontier Lodge No. 132 of the Free and Accepted Masons or said Bellevue Lodge, Independent Order of Odd Fellows.

" C. I give, devise and bequeath four-tenths of said residue estate to the trustees of the Masonic Home and Asylum Fund, State of New York, to be applied for the purpose of its incorporation.

" D. I give, devise and bequeath four-tenths of said residue estate to the trustees and/or officers or representatives of the Independent Order of Odd Fellows Home, situated in Lockport, New York, to be used for and in behalf of the inmates of said Home; but the same is not to be used for the payment of any capital indebtedness against said Home."

Petitioners raise no objection to that part of the will providing for the payment of moneys to Anna Pierce or to the Trustees of the Masonic Home and Asylum Fund, State of New York, but claim that the bequests to the Independent Order of Odd Fellows Home, Lockport, New York, and to Niagara Frontier Lodge No. 132, of the Free and Accepted Masons, of the City of Niagara Falls, New York, and to Bellevue Lodge, Independent Order of Odd Fellows, Niagara Falls, New York, are illegal and invalid in law.

They claim that so far as these three latter organizations are concerned, decedent created a trust for the benefit of each, or its members, and that the same was not given to the lodges for their corporate purposes; that it created a situation whereupon the three organizations became trustees of the respective funds and of the income therefrom for the benefit of unknown, unnamed beneficiaries; that all three of said organizations have filed certificates under the Benevolent Orders Law and that none of their certificates provided or gave them authority to act as fiduciary or trustee, and they claim that neither the General Corporation Law nor the Benevolent Orders Law allows them to act in a fiduciary capacity or to act as trustee.

It is the claim of the executor and of the three organizations above mentioned that decedent did not create a trust under the

terms of the will, but that it was a gift to each of the organizations to be used for charitable purposes, to be used by them in their discretion under the terms of the will.

It is the duty of the court to ascertain, if possible, the intention of a testator and unless the will, or any provision thereof, is void and contrary to law, to see that the estate left by him shall be distributed as directed by the terms of the will.

In the present case the court must determine whether or not the decedent intended to create trusts under the provision of the fifth clause in the will or whether he intended the moneys so bequeathed and devised to be absolute gifts to the various organizations.

The fifth clause in the will does not name trustees nor does it refer in any manner to trusts, and if they are created by said clause it must be by interpretation of the provision of that part of the will. In other words, it must be interpreted that the testator intended to create trusts without in specific language designating trustees. There are no beneficiaries named " cestui " of any trust.

Decedent devised and bequeathed one-tenth of the residue of his estate to the Niagara Frontier Lodge, Free and Accepted Masons, to be used and distributed by said lodge in charity and for charitable purposes, among the poor, sick, needy, disabled or distressed, aged or infirm, worthy Master Masons, members of said lodge, and widows and/or orphans, in the discretion of said lodge, as the latter shall determine and conditions require.

A similar provision was made with reference to the devise and bequest to Bellevue Lodge, Independent Order of Odd Fellows, Niagara Falls, New York.

The devise and bequest to the trustees, officers or representatives of the Independent Order of Odd Fellows Home, Lockport, New York, is to be used for and in behalf of the inmates of the home.

By reading the will as a whole, it is apparent that decedent knew how to create a trust if he so desired, as he did set up a trust fund for the benefit of Anna Pierce. The language is very much different when referring to the devise and bequest to each of the organizations mentioned in the fifth clause of the will.

In *Bird* v. *Merklee* (144 N. Y. 544) the court interpreted the meaning of the following clause, to wit: " if after all the legacies are paid in full there should be anything left of my estate, the same to be divided and paid to the Methodist Episcopal Churches in the Ninth ward of the city of New York, according to the number of members, to buy coal for the poor of said churches." The court held:

" We have here a direct and simple gift made in terms that exclude any idea of trust. There is not even a direction to invest the principal and expend the income.  *  *  *

" The fact that the testator has designated the purpose for which this legacy must be used does not indicate a desire upon his part to create a trust. If it were necessary in order to sustain the bequest these words of designation by the testator might be treated as merely precatory, but we think it was entirely competent for him to apply his bounty to the whole or any one or more of the various purposes for which the corporations are authorized to hold property."

In *Matter of Hayes* (263 N. Y. 219) the court interpreted the meaning of the following words contained in the will, to wit: " Any remainder after these bequests have been made, I leave to Arthur Garfield Hays to use at his discretion in promoting the ends of justice." In reversing the Appellate Division, 'that a void trust had been created, the court stated: " We are also of the opinion that the Surrogate was justified in deciding that testatrix did not intend by clause (d) of paragraph V to create a trust. Other provisions of the will demonstrate that she knew how to create a trust when she desired to do so. The clause in question begins with the words, ' any remainder after these bequests have been made, I leave to Arthur Garfield Hays.' If nothing further appeared, it would be clear that the bequest was intended to be absolute.  *  *  *

" To these words are appended the additional provision, ' to use at his discretion in promoting the ends of justice.' These words do not include the ordinary legal phraseology used to constitute a trust.  *  *  *

" No specific beneficiary of the so-called trust is named. In the absence of any named beneficiary and in the absence of any expression in the will or evidence in the record that testatrix and Hays were interested in a common object, we are constrained to hold that the intent of testatrix was that Hays should use the property if he desired or at his discretion in promoting the ends of justice and, therefore, that the clause used was not intended to create a trust.

" Here we have words constituting an absolute gift followed by words in the same sentence which do not disclose a clear intention to cut it down. Under such circumstances, courts favor giving effect to the absolute gift."

In *Matter of Hart* (205 App. Div. 703) the court held that a trust was not created. The opinion states: " In other words, where a testator makes a gift to a charitable society and adds

certain words showing the purpose, the presumption is that the intention is to make a gift of the moneys to the society. A concrete example would be where a society is organized, say for the care of crippled children, and a testator makes a gift to the society for the purpose of caring for crippled children in a particular manner. In such a case it is obvious that the money is a gift to the society."

In *Corporation of Chamber of Commerce of State of New York* v. *Bennett* (143 Misc. 513) the court held that an absolute gift was intended by the following: " I give to the corporation of the Chamber of Commerce of the City of New York the sum of $150,000, to provide for, aid and assist such members of such corporation as may be reduced to poverty, and their widows and children."

The Lockport Home is a duly organized domestic corporation, the object of which is to maintain a home for aged and dependent Odd Fellows and their widows and orphans. That was the purpose of the organization from its inception, and that purpose has been carried out during its whole existence. The will of decedent gives that organization the money for the very object for which the organization was created.

Bellevue Lodge, Independent Order of Odd Fellows, and Niagara Frontier Lodge, Free and Accepted Masons, have each filed a certificate under the Benevolent Orders Law. Section 3 definitely authorizes the trustees of said lodges to hold property, whether real or personal, devised directly to each or given in any other way.

It is perfectly clear to the court that the intention of the testator was to pay over these funds to the organizations mentioned in paragraph fifth of the will for the uses and purposes stated therein.

I find, therefore, that an absolute gift was created in favor of those organizations by the terms of the will and that the testator did not intend to, nor did he, create a trust under said fifth paragraph.

The petition is, therefore, dismissed.

Let a decree be entered accordingly.