In the Matter of the Accounting of Lawrence W. Widdecombe, as Executor of Caroline L. Schrieb, Deceased.

Surrogate's Court, Richmond County, November 18, 1947.

*L. W. Widdecombe* and *A. B. Widdecombe* for executor.

Boylan, S. In this accounting proceeding the executor has requested the court to construe the first paragraph of the codicil dated June 18, 1941, which reads as follows: " I hereby revoke, cancel and annul the bequest of one thousand ($1000.00) dollars, made to Charles Ingman, in and by paragraph numbered ' Eighth ' of my aforesaid last will and Testament. In lieu, and in place, of the aforesaid bequest to said Charles Ingman, I give and bequeath to Thelma C. Brimer, of 12 Howard Court, Staten Island, N. Y., the said sum of one thousand ($1000.00) dollars, to be used by her in and towards the education of her son, Robert Brimer."

Is a trust created, or are the directions of the testatrix that " the said sum of one thousand ($1000.00) dollars be used by her in and towards the education of her son, Robert Brimer ", merely precatory words expressing the desire of the testatrix that the legacy should be used for the education of Robert?

To constitute a trust there must be either an explicit declaration of trust, or circumstances which show beyond a reasonable doubt that a trust was intended to be created. (*Beaver* v. *Beaver*, 117 N. Y. 421.) The fact that the testatrix has designated the purpose for which the legacy should be used does not of itself

indicate a desire on her part to create a trust. (*Post* v. *Moore,* 181 N. Y. 15; *Matter of Lister,* 161 Misc. 734.)  To construe this paragraph to mean that Mrs. Brimer is a trustee for her son, the court must find that the bequest was given to her with an intention on the part of the deceased to vest title in Mrs. Brimer for the purpose of creating a trust for her son, Robert. (*Shea* v. *Crofut,* 203 App. Div. 210.)

The purpose and object of the testatrix must be gathered from the four corners of the will and codicils and not from some isolated or detached sentence, or some particular expression. (*Fell* v. *McCready,* 236 App. Div. 390, affd. 263 N. Y. 602.) The intent must be gathered " from the whole will, with context and cognate gifts shedding light upon the meaning." (*Matter of Evans,* 234 N. Y. 42.)

In her will and four codicils the testatrix created three trusts and each time she used the words " in trust nevertheless ".  It is obvious that the decedent knew how to create a trust if she so desired.

The court holds that no trust was created; that the gift is absolute and that Mrs. Brimer is simply charged with the moral obligation to comply with the wishes of the testatrix.  (*Webster* v. *Gleizes,* 251 N. Y. 554.)

Enter decree in accordance herewith and judicially settling the account.