Laurence D. Wood, S.
Testatrix died on January 6, 1963, a resident of Onondaga County, and her will dated July 3, 1961, was duly admitted to probate by this court on March 21, 1963. After directing payment of funeral expenses, debts, taxes and administration expenses the will provides: ‘ ‘ third : I direct my Executor, hereinafter named, to divide the net proceeds remaining in my estate into three (3) equal parts. The first of such *349 parts I give, devise and bequeath to the Syracuse and Onondaga County Chapter of the American Red Cross, the second of such parts I give, devise and bequeath to the Veterans of Foreign Wars Post #153, of Baidwinsville, New York, and the third of such parts I give, devise and bequeath to the Baidwinsville Volunteer Fire Department, Inc.” In addition the will gives to the executor full power to mortgage, partition and lease decedent’s real property.
Decedent’s estate consisted of one parcel of real estate located at 23 Lock St., Baidwinsville, N. Y., being 50 feet by 150 feet upon which was located a small one-family dwelling 75 years old in a poor state of repair, lacking any central heating system, which was sold by the executor, the net proceeds of the sale being $5,707.98, and personal property in the amount of $3,406.-57. Debts of decedent, funeral and administration expenses and executor’s commissions amount to $2,076.57.
On this accounting proceeding one of the distributees of decedent appears and objects to payment of the legacies and/or devises to Veterans of Foreign Wars Post No. 153, and to Baidwinsville Volunteer Fire Department, Inc., on the contention that they are incapable of taking, and that the amounts of such legacies and devises pass by intestate succession to decedent’s distributees. No objection is made to Syracuse and Onondaga County Chapter of the American Red Cross taking under the terms of the will.
By written stipulation duly filed the parties have agreed that Veterans of Foreign Wars, Post No. 153, is organized under the Benevolent Orders Law under the title “ The Albert Glenn Richardson Post #153, Veterans of Foreign Wars ”, by filing a certificate with the Secretary of State on April 13,1954. There appears to be no claim made that “ The Albert Glenn Richardson Post #153, Veterans of Foreign Wars”, is not the same organization named in decedent’s will as residuary legatee and devisee. The certificate itself is silent as to the powers of the organization to acquire and hold property of any kind.
It is also stipulated that Baidwinsville Volunteer Fire Department, Inc., was incorporated under the Membership Corporations Law on October 15, 1953. The certificate of incorporation provides in part as follows:
“ Second: The purposes for which it is to be formed are as follows: * # *
“ To own and acquire land
The problems thus presented are whether or not the two organizations referred to have power to acquire personal property by bequest and real property by devise, and whether or not *350 the wording of the will of decedent, and the sale of the real estate by the executor, are sufficient to operate as an equitable conversion of decedent’s real property into personal property so as to carry out the obvious intent of the decedent as expressed in the will.
As a preliminary consideration it would appear that the Albert Glenn Richardson Post No. 153, Veterans of Foreign Wars is, under the certificate filed under the terms of the Benevolent Orders Law, a subordinate post of the Veterans of Foreign Wars of the United States, and is therefore deemed to be a “ corporate entity for the purpose of making contracts, incurring liabilities, and acquiring rights (See copy of certificate attached to stipulation of facts filed; also, Benevolent Orders Law, § 2, subd. 38-b; § 2, last unnumbered par.; §§ 3, 3-a.)
Section 3-a of the Benevolent Orders Law provides in part: ‘ ‘ A subordinate * * * post * * * shall * * * be deemed to be a corporate entity for the purpose of making contracts, incurring liabilities, and acquiring rights * * * but may not take, hold * * * real property unless it shall have filed the certificate required by section two of the benevolent orders law
Section 3 of the Benevolent Orders Law provides in part: ‘ ‘ Such trustees * * * may take, hold and convey by and under the direction of such * * * post * * * all the * * * property belonging thereto, whether real or personal, and whether given, granted or devised directly to it”. (Emphasis supplied.)
Section 14 of the General Corporation Law provides in part: “ Every corporation as such has power, though not specified in the law under which it is incorporated * * *
“ 3. To acquire property for the corporate purposes by grant, gift, purchase, devise, or bequest, and to hold and to dispose of the same, subject to such limitations as may be prescribed by law”. (Emphasis supplied.)
The Albert Glenn Richardson Post No. 153, Veterans of Foreign Wars, being a subordinate post of the Veterans of Foreign Wars of the United States and having fully complied with the Benevolent Orders Law by filing the proper certificate prior to the death of decedent is entitled to the benefits of the Benevolent Orders Law including the specific right to take personal property by bequest and real property by devise. The clear enumeration of these powers coupled with the statutory direction that the post be deemed a corporation for such purposes is clearly an express authorization by statute to take by devise so as to come within the exception to the prohibition of section 12 of the *351 Decedent Estate Law invalidating a devise to a corporation unless expressly authorized by its charter or statute.
The courts have so interpreted the statutes.
A Federal court in construing the Benevolent Orders Law, for the purpose of determining whether a fraternal order organized thereunder was subject to the Bankruptcy Act, held that the statute gives to fraternal orders practically the same powers in dealing with real property as are given to a business corporation. (Matter of William McKinley Lodge No. 840, F. & A. M., 4 F. Supp. 280.)
In Iseman v. Myres (26 Hun 651) the court held that a bequest of personalty to the trustees of a Masonic Lodge organized under statutes similar to the present Benevolent Orders Law was valid and that the trustees had authority to take the bequest for the benefit of the lodge.
In Matter of Lister (161 Misc. 734) testator devised a.nd bequeathed a portion of his residuary estate, including the remainder after termination of a life estate in real property, to two local lodges organized under the Benevolent Orders Law. Apparently no question was raised as to the power of the two organizations to acquire personal and real property by bequest and devise, and the question was not specifically considered by the court in determining whether or not trusts had been established. In dismissing a petition by distributees to invalidate the bequests and devises as illegal, the court in effect held the organizations thus established capable of taking by bequest and devise.
It is in our opinion the clearly expressed intention of the statute, and supported by the reported cases, that a post of the Veterans of Foreign Wars, duly organized, as was the legatee and devisee under the will of decedent, is capable of taking personal and real property by bequest and devise, and therefore not within the prohibition contained in section 12 of the Decedent Estate Law or of the line of cases holding an unincorporated organization incapable of taking real property by devise.
There is no contention that Baldwinsville Volunteer Fire Department, Inc., a membership corporation, cannot acquire personal property by bequest. We think that it also has power, under its charter, to acquire real estate by devise. Subdivision 3 of section 14 of the General Corporation Law, previously quoted, prescribes the power of a corporation generally to acquire real property by devise. The provisions of section 12 of the Decedent Estate Law that “ no devise to a corporation shall be valid, unless such corporation be expressly authorized by its charter, or by statute, to take by devise ”, does not in our *352 opinion, operate as a limitation on the general power of Baldwinsville Volunteer Fire Department, Inc., to acquire real property by devise, in view of the power contained in the certificate of incorporation that it may ‘ ‘ own and acquire land ’ ’. The word “ acquire ” as used in this sense clearly imports a much broader meaning than “ purchase It would clearly seem to include a right to obtain the title to real estate by gift and devise.
Further it is the court’s opinion that the direction by decedent in her will that her executor divide the net proceeds of her estate into three equal parts one of which she then gave to each of the three named organizations, coupled with a clearly expressed power of sale contained in the will, and the fact that the primary asset of the estate was a single parcel of real property, incapable of a reasonable physical division, indicates a clear intention on the part of the decedent that her real property be converted to personal property and the personal property distributed. This constitutes an equitable conversion of the real estate into personal property to which the court must give effect.
The courts have thus held that an equitable conversion will be invoked where it is necessary to carry out the intention of the testator as expressed in his will. (Fraser v. Trustees, etc. of United Presbyterian Church, 124 N. Y. 479; Matter of Rowland, 273 N. Y. 100.) An equitable conversion being established those named in the will take as legatees of personal property and not as devisees of real estate. In Fraser v. Trustees, etc. of United Presbyterian Church the remainder of the residuary estate, after termination of a trust for life, was given by will to certain specified religious organizations. The only asset in the residuary estate was a farm. The will also contained a power of sale of real estate. The court decided first that certain cash bequests were charges on the realty and held that by reason of this and by reason of the division of the remainder by the will, coupled with the power of sale, effected an equitable conversion of the realty into personalty, since in no other way could the intent of the testator be effectuated.
The court therefore finds and determines that Veterans of Foreign Wars Post No. 153, of Baldwinsville, New York, and Baldwinsville Volunteer Fire Department, Inc., each have the power to acquire personal property by bequest and real property by devise, and further that the terms of the will of decedent herein operate as an equitable conversion of decedent’s real property to personal property, and that the bequests and devises to each of them are therefore valid, and that none of decedent’s property passes by intestacy.